*366
 
 Kinkade, J.
 

 This is an action in mandamus brought by the state tax commission against E. M. Faust, as auditor of Mahoning county, Ohio. The authority for bringing the action by the tax commission is found in General Code, Sections 1465-32, 5624-8, 5624-9, and 5548, as amended, which became effective July 16, 1925.
 

 Section 5548 as amended required the auditor of Mahoning county to reappraise the real estate of that county (other than real estate belonging to public utilities) in the year 19'25; no appraisement of such real estate having been made in the years 1922, 1923 and 1924.
 

 The auditor declined to make such appraisement, but in lieu thereof informed the tax commission that such real estate in the city of Youngstown stood appraised at 82 per cent, of its sale value, and that the remainder of such real estate in the county stood appraised at 80 per cent, of its sale value, but stated that said sale values did not afford a true criterion of the value of said property, further that, if a reappraisement was made, the duplicate would not undergo a material change in the aggregate, and might be slightly decreased, and further that he deemed it inexpedient to make a general appraisal of said real estate in the year 1925.
 

 The tax commission informed the auditor that it had no authority to approve any values until after a reappraisement, and insisted upon the reappraisement being made. The auditor wrould not concur in the views of the tax commission.
 

 On July 27, 1925, T. J. Thomas, prosecuting attorney of Mahoning county, brought an action
 
 *367
 
 in the eonrt of common pleas in that county against Faust, as county auditor, to restrain the making of the 1925 reappraisement. He entitled this action
 
 “The State of Ohio ex rel. T. J. Thomas, prosecuting attorney of Mahoning County, plaintiff,
 
 v.
 
 E. M. Faust, Auditor of Mahoning County, defend
 
 antIn his petition he stated the action was brought on behalf of the taxpayers of Mahoning county. He prayed for an order restraining the auditor from making the reappraisement, which he said the tax commission had ordered the auditor to make, and which, Thomas averred, the auditor would make unless restrained by the court of common pleas. The tax commission was not made a party to this action.
 

 The petition was not verified in any way, nor was any bond given. The court issued the injunction as prayed for. That action is still pending, and that injunction has not been vacated or modified.
 

 The respondent herein, the auditor, demurred to the petition of the tax commission on the grounds: First, that this court has no jurisdiction in the matter; and, second, that the petition does not state facts sufficient to constitute a cause of action against the respondent. The respondent has filed no brief, and did not appear in court at the hearing of this demurrer. Evidently the claim of want of jurisdiction is based on the fact that the action in Mahoning county was first commenced and is still pending. We see no merit in the second ground of the demurrer.
 

 The sole purpose of the action brought by the prosecuting attorney was to secure the injunction
 
 *368
 
 and thereby defeat the 1925 reappraisement, notwithstanding the plain provisions of Section 5548, as amended.
 

 The Constitution provides that the jurisdiction of the court of common pleas shall be fixed by law, and that court has such jurisdiction only as is conferred by the Legislature.
 

 Section 1465-31, General Code, provides that no injunction shall issue suspending or staying any order, determination, or direction of the tax commission, or any action of the auditor of state, treasurer of state, or attorney general, required by law to be taken in pursuance of any such order, determination, or direction.
 

 The action of the court of common pleas, in issuing the order of injunction in Mahoning county, being directly at variance with the positive inhibition of the Legislature, found in Section 1465-31, we are unable to see how such order can be valid, or how the pendency of that ease can operate to defeat the jurisdiction of this court to issue the writ herein prayed for.
 
 Chapman
 
 v.
 
 Miller,
 
 52 Ohio St., 166, 39 N. E., 24;
 
 State ex rel. Scott
 
 v.
 
 Swan et al., Deputy State Supervisors,
 
 91 Ohio St., 61-64, 109 N. E., 587; 38 Corpus Juris, 572-574, Sections 45 and 47.
 

 Writ of mandamus will issue as prayed for.
 

 Writ allowed.
 

 Marshall, C. J., Jones, Matthias, Day and Allen, JJ., concur.