By the Court.
 

 The taxpayer’s action to enjoin the improvement and the respondent from issuing the voucher to the relator was begun May 22, 1932. The present case was instituted by the relator on June 7th following. The sole question for determination then becomes whether the pendency of the taxpayer’s action, to enjoin this public improvement and to restrain the respondent from issuing the voucher, requires this court to reach the conclusion that a clear right to the mandatory writ prayed for is not shown, there being no affirmative showing that the taxpayer’s suit was not instituted in good faith.
 

 The decisions of this court indicate that the fact that an injunction suit is pending against the particular officer or board sought to be coerced is sufficient reason for refusing to issue a writ of mandamus, assuming the taxpayer’s suit to be in good faith.
 
 Ohio & Indiana Rd. Co.
 
 v.
 
 Commrs. of Wyandot
 
 County, 7 Ohio St., 278;
 
 State, ex rel. Silsbee,
 
 v.
 
 Boyce,
 
 43 Ohio St., 46, 1 N. E., 217;
 
 State, ex rel. Grant,
 
 v.
 
 Joint Board of Commrs. of Wood and Hancock Counties,
 
 106 Ohio St., 201, 140 N. E., 124;
 
 State, ex rel. Standard Oil Co.,
 
 v.
 
 Harris,
 
 109 Ohio St., 392, 141 N. E., 244. See, also, Ohio Jurisprudence, Vol. 25, pp. 1026, 1027 and 1028, Sections 44 and 45.
 

 The present case is claimed to be distinguishable from the foregoing cases for the reason that no temporary injunction was issued against the respondent herein. However, we deem the principle of the eases cited as applicable, there being no affirmative proof of any lack of good faith in the bringing of the taxpayer’s suit.
 

 
 *250
 
 In the case of
 
 State, ex rel. Tax Commission,
 
 v.
 
 Faust, Auditor,
 
 113 Ohio St., 365, 368, 149 N. E., 197, the allowance of the writ of mandamus after the allowance of an injunction in the common pleas court was based upon the statute, Section 1465-31, General Code, which provides that no injunction shall issue, suspend or stay an order, determination or direction of the tax commission. The case of
 
 State, ex rel. Tax Commission,
 
 v.
 
 Fry, Auditor,
 
 116 Ohio St., 325, 155 N. E., 864, can be considered on the same basis. Neither of these cases is controlling in this instance, nor is
 
 State, ex rel. Manix,
 
 v.
 
 Auditor of Darke County,
 
 43 Ohio St., 311, 1 N. E., 209, for the reason that the injunction suit had been finally dismissed before the action in mandamus was filed; and the case is further distinguishable on the facts.
 

 Authorities in other jurisdictions are not uniform, but in this state we feel bound by the rule indicated, to wit, that the relator has not shown a clear right to a writ of mandamus when there is previously pending an injunction suit against the particular officer or board sought to be coerced, touching the same subject-matter, so long as it does not affirmatively appear in the record that the taxpayer’s suit was not instituted in good faith.
 

 It is not necessary for us to discuss the question as to whether or not the relator might intervene in the taxpayer’s suit, nor for us at this time to express any opinion touching the merits of the taxpayer’s suit or its conduct, except to say that in fairness to this relator there should be an early hearing of the same, for were it not for the taxpayer’s suit the writ of mandamus prayed for would be awarded.
 

 Our conclusion, therefore, is that we are compelled to deny the right to the writ of mandamus, under the
 
 *251
 
 record in this case, and we must enter a judgment of affirmance of the finding of the Court of Appeals.
 

 Judgment affirmed.
 

 Day, Alt .en, Stephenson and Jones, JJ., concur.
 

 Weygandt, C. J., not participating.