Stephenson, J.
 

 The Miami Conservancy District is a corporation under the laws of Ohio and, while it is given many powers not common with other corporations, the act creating conservancy districts was held to be constitutional in the case of
 
 County of Miami
 
 v.
 
 City of Dayton,
 
 92 Ohio St., 215, 110 N. E., 726.
 

 It will be borne in mind at the outset that this action is against political entities and not against individuals. It is argued that if the Conservancy District had the right to proceed against the political subdivisions by mandamus, it would have the same right to proceed against the individual in the same type of action.
 

 This does not necessarily follow. The power of the district to levy and collect assessments is provided for by statute, Sections 6828-51 and 6828-55, General Code. Upon ascertaining the fact of delinquency, the Secretary of the Board of Directors of the district shall provide a certified delinquent tax or assessment list and forward the same, in duplicate, to the County Auditor, who adds the penalty and transmits one copy to the County Treasurer,
 
 who shall proceed to collect the tax, levy or assessment and penalty, according to 1cm.
 

 This is a mandatory section, and, so far as we have been able to ascertain, is exclusive. Section 6828-52, General Code, requires the County Treasurer to give
 
 *253
 
 a bond to cover tbe collection of taxes and assessments in a sufficient amount to cover tbe
 
 collection for any one year.
 

 Section 6828-53, General Code, provides that when the assessment certificate is filed in tbe office of tbe County Auditor, a lien is thereby created against tbe real estate upon which the assessment was made.
 

 Tbe Conservancy District claims that it has tbe right to proceed generally in mandamus, under tbe broad provisions of Section 6828-70, General Code, which read as follows:
 

 “Tbe performance of all duties prescribed in this act concerning tbe organization and administration or operation of tbe district may be enforced against any officer or against any person or corporation refusing to comply with any order of tbe board by mandamus at tbe instance of the' board or of any person or corporation interested in any way in such district or proposed district. And tbe board may institute such proceedings in tbe court of appeals in tbe first instance.”
 

 This section must be read in connection with Section 12283, General Code: “Mandamus is a writ issued, in tbe name of tbe state, to an inferior tribunal, a corporation, board, or person, commanding tbe performance of an act which tbe law specially enjoins as a duty resulting from an office, trust, or station,” and Section 12287, General Code, which provides that *
 
 1
 
 Tbe writ must not be issued in a case where there is a plain and adequate remedy in tbe ordinary course of tbe law. It may issue on tbe information of tbe party beneficially interested.”
 

 These sections are
 
 in pari materia
 
 and must be read and construed together. Whether or not mandamus is tbe proper remedy is dispositive of this case. Has tbe Conservancy District a plain, adequate and complete remedy at law?
 

 
 *254
 

 We
 
 find the following statement of law in 38 Ohio Jurisprudence, page 1130, Section 317:
 

 “The right of the state to payment of taxes.is paramount to the right of all others, but as all taxes, as well as the methods of collection and the enforcement thereof, are statutory, they must be followed, as they are exclusive.”
 

 It was the evident legislative intent when the Conservancy Act was passed that there should be an annual clean-up of assessments, in so far as that was possible. We gather this from the reading of the act in its entirety and from the specific provision that the treasurer’s bond is based upon the annual collection. The treasurer is specifically empowered to enforce the collection of these assessments. The assessments become a lien upon the property of the individual or the political entity when certified as provided by law.
 

 As we see it, the Conservancy District has plenary power to compel the County Treasurer to make collection of the assessments, and if the County Treasurer cannot collect in full, then the lien of the Conservancy District may be enforced for the collection of its assessments. We think the Court of Appeals was right in holding that there is no statutory authority authorizing the Conservancy District to proceed directly against the Budget Commission. This right is with the political entity certifying the levy.
 

 It was not the purpose of the Conservancy Act to pyramid assessments; but, as hereinbefore stated, it was contemplated that the assessments should be collected annually, in so far as that was possible.
 

 If the Conservancy District had any rights in mandamus, it proceeded against the wrong party in this action; and inasmuch as it has its lien and right to enforce, it is not warranted in resorting to the extraordinary writ of mandamus. The Court of Appeals
 
 *255
 
 arrived at the proper conclusion and its judgment is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams, Jones, Matthias, Day and Zimmerman, J J., concur.