Zimmerman, J.
Relators contend that under Section 6, Article IV of the Ohio Constitution, giving Courts of Appeals original jurisdiction in mandamus, *487 and under Sections 6828-70 and 12284, General Code, the Court of Appeals of Guernsey county was authorized to entertain these actions and to issue the writs.
Section 6828-70, General Code, is a special statutory grant of power to conservancy districts to enforce certain of their orders by the extraordinary writ of mandamus (State, ex rel. Miami Conservancy Dist., v. Baden, 130 Ohio St., 251, 198 N. E., 865), and Section 12284, General Code, simply authorizes the issuance of the writ of mandamus by the Supreme Court, the Court of Appeals or the Common Pleas Court.
The respondents contend that the Court of Appeals lacked authority to act in the present cases, the matter being wholly within the jurisdiction of the Conservancy Court, which possessed the right and power to enforce its own orders. Wind v. State, 102 Ohio St., 62, 64, 130 N. E., 35, 36. They further contend that a mandamus action against the Conservancy Court,- in the event of its failure or refusal to enforce its order upon the filing of contempt charges against the conservancy district, would be the only proper mode of procedure.
A mandamus action in a higher court to compel the judge of an inferior court to exercise jurisdiction in litigation before such court is familiar to the law, but here we have direct actions against litigants to compel them to comply with the order of a court still having jurisdiction of the dispute, with full power to act and to which no application has been addressed to command obedience to its order — an unusual proceeding, to say the least.
While the problem is not free from difficulty, we are brought to the conclusion that this particular situation falls within the generally accepted rule that where it appears that a prior action is pending between the same litigants, involving the same subject-matter, in a court having jurisdiction, a mandamus proceeding in another court is barred, unless it is plain that ade *488 quate relief is not obtainable in the prior case. 38 Corpus Juris, 572, Section 45; Abiaca Drainage District v. Albert Theis & Sons, Inc., 185 Miss., 110, 112, 187 So., 200, 201; State, ex rel. Wahl, v. Speer et al., Judges, 284 Mo., 45, 223 S. W., 655. Compare, State, ex rel. Commercial Investors Corp., v. Zangerle, County Aud., 126 Ohio St., 247, 185 N. E., 69.
"Wherefore, the judgments of the Courts of Appeals are reversed and the cases remanded to that court with instructions to dismiss the same.

Judgments reversed.

Weygandt, C. J., Day, Williams, Myers, Matthias and Hart, JJ., concur.