OHIO UTILITIES COMPANY, APPELLANT, *v.* COLLINS, TAX COMMR., APPELLEE.

(No. 76-374—Decided December 15, 1976.)

Messrs. *Federico, Myers, Giovanetti & Enz* and *Mr. Gordon P. Shuler,* for appellant.

Mr. *William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

WILLIAM B. BROWN, J. The main issue raised by this cause is whether the Board of Tax Appeals' determination that the Tax Commissioner lacks jurisdiction to grant an R. C. 5703.05(B) certificate of abatement for overpayment of an *ad valorem* public utilities tax to a county treasurer is reasonable and lawful.[1]

R. C. 5703.05(B) provides, in pertinent part:

"* * * the [tax] commissioner may on written application of any person, firm, or corporation claiming to have overpaid to the Treasurer of State at any time within five years prior to the making of such application any tax payable under any law which the Department of Taxation is required to administer which does not contain any provision for refund, or on his own motion investigate the facts and make in triplicate a written statement of his findings, and, if he finds that there has been an overpayment, issue in triplicate a certificate of abatement payable to the taxpayer, his assigns, or legal representative

---

[1] The holding in this cause is limited to that portion of R. C. 5703.05(B) dealing with the Tax Commissioner's power to issue *certificates of abatement* to taxpayers who have paid *ad valorem* taxes to their county treasurers. It has no bearing on the power of the Tax Commissioner pursuant to R. C. 5703.05(B) and 5715.39 to *remit* or *refund* the overpaid taxes of such taxpayers.

which shows the amount of the overpayment and the kind of tax overpaid.''

Appellant contends that this court, under the authority of *Phoenix Amusement Co.* v. *Glander* (1947), 148 Ohio St. 592, should construe R. C. 5703.05(B) "liberally," equate payment to a county treasurer with payment to the Treasurer of State, and grant the Tax Commissioner jurisdiction to award appellant an abatement. However, since the *Phoenix* court did not deal with R. C. 5703.05(B), the holding of that case does not control the instant cause. Furthermore, if a statute is not ambiguous, this court will merely ask "what is the meaning of that which it [the General Assembly] did enact." Paragraph seven of the syllabus in *State, ex rel. Foster,* v. *Evatt* (1944), 144 Ohio St. 65.

The meaning of R. C. 5703.05(B) is clear. R. C. 5703.05(B) gives the Tax Commissioner authority, other than on his own motion, to grant an abatement for overpaid taxes when (1) an application is filed within five years of the alleged overpayment, (2) the overpayment is made under a statute not providing for a refund, (3) the overpayment is made pursuant to a law administered by the Department of Taxation, and (4) the overpayment is made to the Treasurer of State. Since payment to the Treasurer of State is clearly prerequisite to the receipt of an abatement under R. C. 5703.05(B), this court will not "expand, extend or improve" R. C. 5703.05(B) to equate payment to a county treasurer with payment to the Treasurer of State. *State, ex rel. Foster, supra,* paragraph eight of the syllabus. The board's decision not to construe R. C. 5703.05(B) liberally in favor of the taxpayer is reasonable and lawful.

Appellant contends, in the alternative, that the commissioner has jurisdiction to grant an abatement of appellant's overpaid *ad valorem* public utility tax pursuant to R. C. 5703.05(B), even though that tax was not paid to the Treasurer of State, because "county treasurers only happen to be collection agents" for the Department of Taxation.

When it decided appellant's cause, the Board of Tax Appeals made the factual finding that "the public utilities tax now under consideration * * * was paid * * * to the county treasurer." It also determined, after a survey of the pertinent statutes, that "the county treasurer collects this revenue on behalf of the local authorities," and that the "Treasurer of State in no way or measure collects or controls the collection of the *ad valorem* public utilities tax under discussion."

In *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53, this court held the following:

"The Supreme Court reviews decisions of the Board of Tax Appeals on questions of law. It is not the function of this court to substitute its judgment for that of the Board of Tax Appeals on factual issues, but only to determine from the record whether the decision rendered by the board is unreasonable or unlawful."

The statutory provisions cited by the board support its legal determination that the "Treasurer of State in no way * * * controls the collection of the *ad valorem* * * * tax." The taxable value of public utilities is originally assessed, apportioned and certified to county auditors by the Tax Commissioner pursuant to R. C. 5727.08 and 5727.15. Those county auditors then prepare and deliver a tax list to the county treasurer (R. C. 319.28, 319.30 and 319.41), and the treasurer then collects the tax and directs payment of the tax revenue into various local funds (R. C. 323.09, 323.12, 323.13 and 5705.10). Since this statutory scheme calls for local collection and local disbursement of *ad valorem* public utility tax revenues, the board's determination that the county treasurer is not merely an agent of the Department of Taxation is reasonable and lawful.[2]

---

[2]Appellant also contends that if "preassessment hearings * * * and application for review and redetermination," pursuant to R. C. 5727.10 and 5727.47, are the exclusive remedies available to correct its overpayment of taxes, it has been denied due process of law because it "has no remedy at law to effectuate recovery of such overpayment." This court will not decide constitutional questions "until the necessity for

The decision of the Board of Tax Appeals, being reasonable and lawful, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.

a decision arises on the record before the court." *State, ex rel. Herbert,* v. *Ferguson* (1944), 142 Ohio St. 496. The board did not determine that preassessment or review hearings pursuant to R. C. 5727.10 and 5727.47 are prerequisite to R. C. 5703.05(B) abatement. Therefore, there is insufficient evidence that R. C. 5727.10 and 5727.47 provide exclusive remedies to support appellant's allegation of a constitutional issue. *Petrocon* v. *Kosydar* (1974), 38 Ohio St. 2d 264. We decline to consider that question.