OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Great American Insurance Company, Appellee, v. Limbach, Tax Commr., Appellee.
[Cite as Great Am. Ins. Co. v. Limbach (1994), -- Ohio St. 3d ---.]
Taxation -- Sales and use taxes -- Penalty for failure to remit tax -- Tax Commissioner lacks authority to issue an assessment against a taxpayer pursuant to R.C. 5739.13, when.
The Tax Commissioner lacks authority to issue an assessment against a taxpayer pursuant to R.C. 5739.13 where the taxpayer has fully paid the tax deficiency prior to the issuance of the assessment.
(No. 93-792 -- Submitted March 30, 1994 -- Decided September 28-, 1994.)
Appeal from the Board of Tax Appeals, No. 90-J-632. The Tax Commissioner, appellant, challenges the Board of Tax Appeal's ("BTA's") decision that the commissioner lacked the authority to levy an assessment, penalty, and preassessment interest against Great American Insurance Company ("Great American"), appellee, because Great American paid an amount to satisfy the assessment before the commissioner issued the assessment.

On November 28, 1988, the Tax Commissioner commenced a sales and use tax audit of Great American's purchases for the period January 1, 1986 through December 31, 1988. Great American's major purchase in this period was a $15.7 million airplane on which it failed to pay a use tax.

The commissioner's agent kept Great American informed of the audit's progress, pursuant to the general policy of the Department of Taxation. Great American received notice of the proposed audit findings prior to the issuance of the assessment and prior to the time it had paid any part of its liability.

On November 17, 1989, before the audit was complete and before the assessment was made, Great American paid $1,117,085 in sales and use taxes to the Department of Taxation for taxes owed during the audit period. On January 11, 1990, the commissioner issued a sales and use tax assessment against Great American for $1,265,592.04. This assessment included a

fifteen percent penalty of $165,077.22 and preassessment interest of $3,013.93.  Subsequently, Great American paid the balance of the assessment, $148,507.04.

Great American appealed the penalty and the preassessment interest findings to the BTA.  The BTA reversed the commissioner's order, holding that the commissioner did not have the authority to levy an assessment against Great American because Great American had paid the tax owed before the assessment was issued.  Thus, the commissioner could not assess penalties and preassessment interest against Great American pursuant to R.C. 5739.133.

The cause is now before this court upon an appeal as of right.

Taft, Stettinius & Hollister and Stephen M. Nechemias, for appellee.

Lee I. Fisher, Attorney General, and Richard C. Farrin, Assistant Attorney General, for appellant.

Pfeifer, J.   We hold that the Tax Commissioner lacks authority to issue an assessment against a taxpayer pursuant to R.C. 5739.13 where the taxpayer has fully paid the tax deficiency prior to the issuance of the assessment.

The Tax Commissioner, as well as other state officers, have only those powers conferred by statute. Ohio Util. Co. v. Collins (1976), 48 Ohio St. 2d 169, 2 O.O.3d 370, 357 N.E.2d 1077.  The only implied powers the commissioner possesses are those necessary to carry out her statutory functions. See Dreger v. Pub. Emp. Retirement Sys. (1987), 34 Ohio St.3d 17, 516 N.E.2d 214.

In this situation, the Tax Commissioner's duties were made clear by statute.  R.C. 5739.02  and 5739.03 require consumers to pay the proper sales tax on any transaction subject to such tax.  The tax is required to be paid and collected when the sale is made. R.C. 5739.02 and 5739.03.  The Tax Commissioner may make an assessment against the consumer if the consumer fails to pay the tax imposed on the transaction. R.C. 5739.13.

R.C. 5741.12 requires every taxpayer storing, using, or consuming tangible personal property, the storage, use, or consumption of which is taxable, to file a return and pay a use tax within a prescribed period.  The Tax Commissioner may make an assessment against anyone who fails to file the applicable return and pay the use tax. R.C. 5739.13.

R.C. 5739.133 permits the Tax Commissioner to impose penalties and preassessment interest on taxpayers who have tax assessments made against them for failure to pay the proper amount of sales tax; R.C. 5741.14 grants the Tax Commissioner the same power for failures in the payment of use tax.  R.C. 5739.133 provides in pertinent part:

"(A)  A penalty shall be added to every amount assessed under section 5739.13 or 5739.15 of the Revised Code as follows:

"(1)  * * *

"(2)  * * *

"(3)  In the case of all other assessments, fifteen per cent of the amount assessed.

"* * *

"(B)  All assessments issued under section 5739.13 and

5739.15 of the Revised Code shall include preassessment interest * * * ."

R.C. 5739.133 gives the Tax Commissioner the power to add a penalty and interest to amounts that the commissioner assesses. Thus, penalties and interest charges are valid only when the assessment is valid.

The Tax Commissioner's authority to issue an assessment is set forth in R.C. 5739.13. R.C. 5739.13 provides in pertinent part that:

"The commissioner may make an assessment against * * * any consumer who fails to pay the proper amount of tax required by this chapter."

Therefore, the Tax Commissioner has the power to issue an assessment against someone who has not paid the proper amount of taxes. When the Tax Commissioner made her assessment against Great American, Great American had already paid the amount owed. Since it had no outstanding owed taxes, the assessment was invalid, pursuant to R.C. 5739.13. Thus, the penalty and interest charges were also invalid.

Had the legislature intended that the penalty and preassessment interest provisions of R.C. 5739.133 take effect immediately upon a failure to timely pay, it could have done so. Ohio's franchise tax provisions, for example, automatically impose penalties on taxpayers who fail to file their reports timely, fail to pay their tax within the time prescribed, or fail to pay their estimated tax within the time prescribed. Those penalties apply without the necessity of an assessment. R.C. 5733.28. Likewise, Ohio's income tax provisions do not require an assessment before the imposition of a penalty on taxpayers who fail to file their returns within the time prescribed, or who fail to pay any amount of tax owed. R.C. 5747.15.

Every tax code has loopholes. It is not the job of the courts to close them. The presence of a loophole may reflect legislative intent as much as an airtight provision might reflect that intent. In this instance, the legislature made assessments applicable only against persons who had not paid their taxes in full. Great American paid its taxes before an assessment against it was issued. Therefore, the assessment, penalty, and interest charges were invalid. We accordingly affirm the BTA's decision.

Decision affirmed.

Moyer, C.J., A.W. Sweeney and Wright, JJ., concur.

Douglas, Resnick and F.E. Sweeney, JJ., dissent.

Douglas, J., dissenting. I respectfully dissent. The majority opinion establishes a dangerous precedent that surely will come back to haunt this court and could very well materially hamper the tax-collecting ability of Ohio's taxing authorities.

R.C. Chapter 5739 involves the assessing, paying and collecting of "sales" tax. R.C. 5739.133(B) provides that:

"All assessments issued under section[s] 5739.13 and 5739.15 of the Revised Code shall include preassessment interest computed at the rate per annum prescribed by section 5703.47 of the Revised Code. Beginning January 1, 1988, preassessment interest shall begin to accrue on the first day of January of the year following the date on which the person

assessed was required to report and pay the tax under the provisions of this chapter or Chapter 5741. of the Revised Code and shall run until the date of the notice of assessment. If an assessment is issued within the first twelve months after the interest begins to accrue, no preassessment interest shall be assessed." (Emphasis added.)

The majority opinion effectively (and I believe with possible dire results) writes this section out of the law.

R.C. Chapter 5741 involves the assessing, paying and collecting of "use" tax. R.C. 5741.12 provides for the filing of a use tax return by a seller or user and for payment of any tax due. R.C. 5741.13 provides, in pertinent part, that:

"If any person required by section 5741.12 of the Revised Code to make a return to the tax commissioner fails to make such return at the time required by or under authority of such section, the commissioner may make an assessment against such person, based upon any information within his possession. If information in the possession of the commissioner indicates that the tax paid by any consumer is less than that due, the commissioner may audit a sample of that consumer's purchases for a representative period and may issue an assessment based thereon."

R.C. 5741.14 applies the assessment and penalty provisions of R.C. 5739.13 through 5739.15 to assessments made under R.C. 5741.13. Once again, the majority opinion effectively writes these important sections out of the law.

Under these sections, the commissioner had the authority to assess appellee when appellee failed to pay the amount of sales or use tax due at the time of purchase of the items in question. The sections also, very clearly, give the commissioner the right to add a penalty and preassessment interest to the assessment.

The General Assembly did not create these sections without good reason. Without these sections (or rendering them ineffective as the majority has done), a taxpayer can fail to pay a tax and unless and until the commissioner conducts an audit, there is no financial detriment to the taxpayer. In fact, the opposite is true because the taxpayer has the use of the money due the state during the period of nondiscovery of tax owed or during the audit period when a deficiency is suspected. If the commissioner does suspect that tax payments due have not been paid and then does an audit, all the taxpayer need do, according to the majority, is run down to the commissioner's office with check in hand before any formal assessment is made and all will be forgiven -- with the law and state revenues being the only casualties.

Given the foregoing, I must respectfully but vigorously dissent.

Resnick and F.E. Sweeney, JJ., concur in the foregoing dissenting opinion.