The STATE of Ohio, Appellant,

v.

MARYSVILLE STEEL, INC., Appellee.

[Cite as *State v. Marysville Steel, Inc.* (1997), 119 Ohio App.3d 785.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–96–48.

Decided June 12, 1997.

*Keith D. Weiner & Associates Co., L.P.A., Keith D. Weiner* and *Mary Beth Ciocco*, for appellant.

*Schutze & Phillips* and *Rick Rodger*, for appellee.

EVANS, Presiding Judge.

This appeal is brought by the state of Ohio from a judgment of the Court of Common Pleas of Union County denying the state attachment and garnishment of personal property owned by Marysville Steel, Inc., appellee.

The facts of this case date back to May 1990, when the Ohio Department of Taxation first notified Marysville Steel of its intention to conduct a sales/use tax audit of its business for the years 1987 through 1989. In June 1990, the state's tax examiner notified the company that the audit was completed and that a recommendation would be made to the Department of Taxation to assess unpaid taxes against Marysville Steel in the amount of $35,325.05, in addition to $5,298.76 in penalties. Upon learning this information, Marysville Steel sent the state a letter on July 3, 1990, which contained a check for the payment of the anticipated $35,325.05 assessment. The record contains a certified mail receipt, indicating that the state received the mailing on July 6, 1990. Sometime after that date, the check was lost by the state and, as a result, Marysville Steel received no credit against its delinquent tax balance. The state proceeded to issue a formal notice on August, 8, 1990, assessing the company with unpaid taxes of $35,325.05, a penalty of $5,298.76, pre-assessment interest of $4,372.15, and a penalty on the interest of $655.82. Since Marysville Steel did not appeal the state's assessment, the assessment became final by operation of law after thirty days. The state submitted a certified copy of the assessment, interest, and penalties to the Court of Common Pleas of Union County, which entered a judgment in favor of the state on October 16, 1990.

Although it did not appeal the assessment, Marysville Steel did contact the state regarding the lost check and communicated its position that there was no outstanding tax or penalty due, since the company had sent payment of $35,-325.05 prior to the state's sending its notice of assessment. Marysville Steel also issued a second check to the state in the amount of $35,325.05 to replace the one lost, along with a check for $5,027.97, representing payment of the pre-assessment interest and the penalty on that interest. After sending these payments and other documents supporting its argument of prior payment to the state, the state took no further action to collect on the penalty debt. Consequently, Marysville Steel assumed that the matter was resolved.

It was not until November 1996 that the state sought to enforce its 1990 judgment lien against Marysville Steel by instituting an action for garnishment of the company's checking account. The result of the action was a bank attachment garnisheeing $8,413.12 from Marysville Steel's account at National City Bank in Marysville, Ohio. Apparently, this amount represented the outstanding penalty on the company's 1990 tax assessment ($5,298.76) plus interest. Marysville Steel filed a motion with the court requesting a hearing on the propriety of the garnishment and on November 27, 1996, a hearing was conducted. On December 2, 1996, the trial court found that the Tax Commissioner had no authority to assess a penalty against Marysville Steel, as the underlying use tax (the basis of the penalty in the case) had been paid by the company prior to the state's assessment. Consequently, the court held that the penalty and interest should not have been assessed and the resulting bank attachment was improper. The court ordered all funds held pursuant to the garnishment action released to Marysville Steel.

The state now appeals this decision, alleging one assignment of error:

"The trial court committed reversible error by issuing an order denying Plaintiff/Appellant's bank attachment pursuant to its judgment obtained under O.R.C. § 5739.13, by releasing the funds to Defendant/Appellee, and by issuing statements that Plaintiff/Appellant would be prohibited from future executions on said judgment, inasmuch as the trial court is prohibited from doing so under O.R.C. § 5703.38."

■ Under R.C. 5739.13(A), the state has the authority to make an assessment against any vendor who fails to file a return or remit the proper amount of tax required under the chapter. It is the state's contention that the Tax Commissioner properly issued an assessment against Marysville Steel. Furthermore, that absent a timely petition for reassessment filed by Marysville Steel, the assessment became final in September 1990, under R.C. 5739.13(B). Pursuant to R.C. 5739.13(C), the state was then within its authority to file a certified copy of

this final assessment with the clerk of the court of common pleas, who, in turn, was then mandated to enter a judgment for the state against the party assessed.

The state contends that for the common pleas court now to interfere with the collection of this judgment by denying the state its bank attachment is a violation of R.C. 5703.38.

R.C. 5703.38 states:

"No injunction shall issue suspending or staying any order, determination, or direction of the department of taxation, or any action of the treasurer of the state or attorney general required by law to be taken in pursuance of any such order, determination, or direction. This section does not affect any right or defense in any action to collect any tax or penalty."

The state cites *Hakim v. Kosydar* (1977), 49 Ohio St.2d 161, 3 O.O.3d 211, 359 N.E.2d 1371, in support of its argument. The court in *Hakim* found that if a Tax Commissioner is precluded by the court of common pleas from moving to collect a tax, or is enjoined from proceeding in an action to collect the tax, his assessment is effectively suspended in violation of R.C. 5703.38. *Id.* at 165, 3 O.O.3d at 213, 359 N.E.2d at 1373–1374; see, also, *Torbet v. Kilgore* (1966), 6 Ohio St.2d 42, 35 O.O.2d 48, 215 N.E.2d 579. Therefore, the state argues, by denying the enforcement of the bank attachment, the common pleas court effectively suspended an "order, determination, or direction of the department of taxation" or any action of the state "required by law to be taken in pursuance of any such order, determination, or direction" as proscribed under R.C. 5703.38.

In contravention of the state's argument, appellee contends that under R.C. 5739.13(A), the Department of Taxation was without authority to issue an assessment against Marysville Steel, since the company had remitted payment of the owed taxes prior to the assessment and should have been credited accordingly. Appellee cites *Great Am. Ins. Co. v. Limbach* (1994), 70 Ohio St.3d 357, 639 N.E.2d 36, syllabus, wherein the Supreme Court of Ohio held that under the plain language of the tax statutes, the "Tax Commissioner lacks authority to issue an assessment against a taxpayer pursuant to R.C. 5739.13 where the taxpayer has fully paid the tax deficiency prior to the issuance of the assessment." The Supreme Court also found that when the assessment is invalid because no outstanding taxes are owed, any penalties and interest charges are likewise invalid. Therefore, the failure of the state to properly credit appellee with payment prior to assessment in this case resulted in the issuance of an invalid assessment and penalty charges. According to appellee, the illegality of the assessment and corresponding penalties is a defense to the present action for the collection of penalties by the state.

Furthermore, appellee states that the common pleas court has authority to consider such a defense to collection and take appropriate action without violating R.C. 5703.38. Appellee points out that R.C. 5703.38 specifically carves out the opportunity for the court to issue an injunction or suspend an order of the Department of Taxation "in any action to collect any tax or penalty," since R.C. 5703.38 does not affect any right or defense in a collection action.

After reviewing the facts and law surrounding this case, we find that we agree with appellee and overrule the state's assignment of error. Initially, it is important to acknowledge that the state has not disputed the fact that appellee remitted payment of delinquent taxes in the amount of $35,325.05 in 1990, prior to any formal notice of any assessment by the state. At the hearing in November 1996, appellee submitted copies of correspondence it engaged in with the state regarding appellee's payment of the delinquent taxes in July 1990. A copy of the appellee's ledger stub and certified mail receipt indicate that a check for the appropriate amount was drafted and sent by certified mail in July 1990, as appellee contends. While this is not conclusive proof of payment, as the following excerpt from the 1996 hearing indicates, Mr. Weiner, special counsel for the state of Ohio, did not dispute that payment was made and received by the state of Ohio prior to the assessment:

"THE COURT: Oh, I don't think it does, but what [*Great American*] says is that the Tax Commissioner lacks authority to issue an assessment against a taxpayer pursuant to 5739.13, where the taxpayer has fully paid the tax deficiency prior to the issuance of the assessment, and so based upon this * * * the Court is going to find at this point that the Tax Commissioner didn't have the authority to issue the additional assessment, and the Court will sustain the position of the—

"MR. WEINER: But there's been no payment of the assessment. That's the technical point here. They haven't paid the assessment, which was reduced to a judgment.

"THE COURT: Yeah, but they did [pay] it before it had been reduced. That's the point.

"MR. WEINER: *I understand that, and I don't argue that,* but they're asking for this Court to look at the equitable side of things, and this is not a case of equity."

With the supporting documentary evidence of payment and the state's concession that payment was made prior to the assessment, we find ample support for the trial court's factual conclusion that early payment was made by appellee.

Given the fact that appellee paid the delinquent tax prior to an assessment by the state, the instant case is analogous to *Great American,* as appellee suggests. Like Marysville Steel, the company in that case, Great American, was audited

and found liable for unpaid taxes. In anticipation of an assessment, Great American remitted payment of the delinquent taxes before the Tax Commissioner actually issued any assessment. Although the taxes were then paid, the Tax Commissioner subsequently issued the assessment for unpaid taxes, also including a penalty and pre-assessment interest charges. Great American remitted the additional penalty and pre-assessment interest payment to the state but filed an appeal challenging the additional fees to the Board of Tax Appeals ("BTA"). The BTA reversed the Tax Commissioner's order, finding that the commissioner had no authority to levy the initial assessment, since Great American had already paid the taxes at the time of the issuance of the assessment. On appeal to the Supreme Court of Ohio, the court affirmed the decision of the BTA, agreeing that the assessment and the attendant penalties and interest charges were invalid, since payment by Great American predated the assessment.

The state in the instant case argues that the *Great American* holding is not binding in the present case because the company in *Great American* had challenged the assessment and additional charges on direct appeal while appellee did not. As a result, the state claims that appellee has waived its right to challenge the legality of the tax assessment and judgment.

■ While appellee could have appealed the Tax Commissioner's assessment to the BTA and then on to this court or the Supreme Court, the failure to appeal does not deprive appellee of rights, claims, or defenses available to it in a collection proceeding brought by the Tax Commissioner. The court in *Hakim v. Kosydar*, cited by the state, elucidates this point. In *Hakim*, the taxpayer, as a corporate officer, was assessed with a tax liability by the Tax Commissioner and had a personal judgment rendered against her rather than her corporate employer. The taxpayer did not avail herself of the administrative appeal process; however, in a complaint filed later with the court of common pleas, she alleged that she had been denied her right to due process of law because of insufficient service of process and requested a vacation of the judgment lien against her and an order enjoining the state from enforcing its judgment. The Supreme Court in *Hakim* denied the taxpayer her remedy, that finding the prohibition in R.C. 5703.38 would not allow a court the authority to issue an order enjoining collection, since to do so would effectively suspend or stay an order or determination of the Department of Taxation. *Hakim*, 49 Ohio St.2d at 165, 3 O.O.3d at 213, 359 N.E.2d at 1373–1374. The Supreme Court acknowledged, however, that the taxpayer had other alternatives for redress available, stating:

"[A]ppellant still can pay the assessment, seek a certificate of abatement pursuant to R.C. 5703.05(B) and raise her due process argument in connection therewith. *It should also be noted that appellee can await the institution of collection proceedings by the Tax Commissioner and therein raise as a defense*

*her claim of insufficient service of the assessment. As heretofore set out, the latter portion of R.C. 5703.38 provides that the 'section does not affect any right or defense in any action to collect any tax or penalty.'* " (Emphasis added.) *Id.*

Clearly, the court did not feel that the taxpayer would be precluded from defending her rights in a collection action by her failure to pursue an administrative appeal. Moreover, the court recognized that the taxpayer would not be hindered in any defense to a collection action by the restraints of R.C. 5703.38.

Similarly, in *Torbet v. Kilgore*, 6 Ohio St.2d 42, 35 O.O.2d 48, 215 N.E.2d 579, a taxpayer sought an injunction restraining the Tax Commissioner from assessing, levying, or collecting any tax or penalty on certain shares of stock he owned. The Supreme Court denied the request, finding it barred by R.C. 5703.38. While the taxpayer in that case tried to apply the last sentence of R.C. 5703.38 to his case, the court found that clause inapplicable, stating, "As we see it, that sentence would only apply in an 'action to collect any tax or penalty.' The present action is not such an action to collect a tax or penalty. It is an action *to enjoin* the collection of a tax or penalty." (Emphasis added.) *Id.* at 45, 35 O.O.2d at 50, 215 N.E.2d at 582.

Unlike *Hakim* and *Torbet*, the present case is an action to collect a tax and is therefore not affected by the prohibitions of R.C. 5703.38. The state has initiated the current action by garnisheeing appellee's personal property via a bank attachment. The monies representing the allegedly outstanding penalty debt plus interest were in fact collected from the garnishee bank for the Tax Commissioner and held by the Clerk of the Court of Common Pleas of Union County.

■ As a defense to this collection, appellee challenged the legality of the penalty imposed under the authority of *Great American, supra.* As *Great American* makes clear, since appellee paid the taxes owed to the state before any assessment was issued, no valid assessment could be made, since tax liability on the part of appellee no longer existed. Furthermore, any penalties assessed on an invalid assessment were likewise voidable. We find that the facts of this case represent a legitimate defense available to appellee in a collection action. Furthermore, as this action was for the collection of a tax, we do not find that the trial court was in any way prohibited under R.C. 5703.38 from issuing its judgment declaring the bank attachment to be improper and restoring the garnisheed monies to Marysville Steel. Given the foregoing, we agree with the decision of the trial court and find that the collection of the penalty debt was properly denied.

Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

HADLEY and THOMAS F. BRYANT, JJ., concur.