42

TORBET, APPELLEE, *v.* KILGORE ET AL.; DONAHUE, TAX COMMR., APPELLANT.

(No. 39589—Decided April 6, 1966.)

44

*Messrs. Meredith, Meredith, Tait & Basinger* and *Mr. Harry R. Meredith,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellant.

Taft, C. J. Section 5703.38, Revised Code, reads:

"No injunction shall issue suspending or staying any order, determination, or direction of the Department of Taxation, or any action of the Auditor of State, Treasurer of State, or Attorney General required by law to be taken in pursuance of any such order, determination, or direction. This section does not affect any right or defense in any action to collect any tax or penalty."

As stated in Section 5703.01, Revised Code, "* * * the Department of Taxation" is "composed of the Tax Commissioner and the Board of Tax Appeals, and their employees, agents, and representatives." Thus, to the extent that Section 5703.38, Revised Code, prohibits an injunction with respect to an "order, determination, or direction of the Department of Taxation" it prohibits an injunction with respect to such "order, determination, or direction" of the Tax Commissioner.

Even a cursory examination of the statutes relative to the powers and duties of the Tax Commissioner with regard to taxes on shares of stock owned by Ohio residents makes it obvious that enjoining the commissioner "from collecting any personal property tax or penalty for * * * 1962" on the shares of stock involved in the instant case will necessarily operate to suspend or stay orders, determinations, or directions of the Tax Commissioner that the allegations of the petition indicate he would otherwise make. See for example Sections 5703.04,

5703.05, 5703.24, 5703.27, 5711.09 and 5711.24 to 5711.28, inclusive, Revised Code.

It necessarily follows that the injunction is in effect one "suspending or staying * * * [an] order, determination, or direction of the Department of Taxation."

In contending that the Common Pleas Court had jurisdiction to issue the injunction, which it did, plaintiff relies upon Section 2723.01, Revised Code, which reads:

"Courts of Common Pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."

This statute does provide generally for authority of the Common Pleas Court to "enjoin the illegal levy or collection of taxes and assessments." However, Section 5703.38, Revised Code, specifically provides that "no injunction shall issue suspending or staying any order, determination, or direction of the Department of Taxation," and those specific prohibitions of an injunction against the Tax Commissioner would limit the general authority to render an injunction against an illegal levy or collection of taxes and assessments that is provided for in Section 2723.01, Revised Code.

Plaintiff argues that the last sentence of Section 5703.38, Revised Code, indicates a legislative intention that the Tax Commissioner should not be empowered to determine purely judicial questions to the exclusion of the courts acting under Section 2723.01, Revised Code. As we see it, that sentence would only apply in an "action to collect any tax or penalty." The present action is not such an action to collect a tax or penalty. It is an action to enjoin the collection of a tax or penalty.

Plaintiff contends also that the words of Section 5703.38, Revised Code, "required by law to be taken," modify the words "order, determination, or direction of the Department of Taxation." In our opinion, they do not. The words "required by law to be taken" are followed by the words "in pursuance of any such order, determination, or direction," that is "of the

Department of Taxation.'' In our opinion, the meaning of those words is that the injunction cannot even suspend or stay any *action* of the state Auditor, state Treasurer, or Attorney General if they are required by law to take such action as a result of any order, determination or direction of the Department of Taxation.

Plaintiff contends that, since neither the County Auditor nor the County Treasurer appealed from the judgments against them, the injunctions against them should stand; and that the Tax Commissioner cannot complain about the injunctions against those county officials, even if the injunction against the commissioner is invalid.

We believe that any such contentions are answered by the decision of this court in *State, ex rel. Tax Comm.,* v. *Faust, Aud.* (1925), 113 Ohio St. 365, 149 N. E. 197. That was an action in mandamus by the state Tax Commission against a County Auditor to require him to reappraise real estate of the county for the year 1925. Paragraph two of the syllabus states:

''The pendency of an action in the Court of Common Pleas, to which the Tax Commission is not made a party, brought in the name of the state, on the relation of the Prosecuting Attorney, against the County Auditor, to prevent such reappraisement, and the issuing of an order of injunction as prayed for therein, in no wise affects the jurisdiction of this court. By * * * [what is now Section 5703.38, Revised Code] the Common Pleas Court is prohibited from issuing such injunction.''

The *Faust case* was followed in *State, ex rel. Tax Comm.,* v. *Fry, Aud.* (1927), 116 Ohio St. 325, 155 N. E. 864; and *Bell* v. *State, ex rel. Methodist Book Concern* (1935), 129 Ohio St. 463, 195 N. E. 867.

It is apparent that any injunction, such as rendered in the instant case, even though issued only against the County Auditor or the County Treasurer, might, within the meaning of Section 5703.38, Revised Code, have the effect of ''suspending or staying [an] * * * order, determination, or direction of the Department of Taxation''; and, to the extent that it does have that effect, it is prohibited by that statute.

Plaintiff contends further that, to give effect to Section

5703.38, Revised Code, would result in taking away from the courts the right to determine the legality of a tax. We fail to see how this would follow in view of the provisions for an appeal from any final determination of the Tax Commissioner to the Board of Tax Appeals and from a decision of that board directly to this court. See Section 5717.02 *et seq.*

Plaintiff, as did the Court of Appeals, relies upon *Conn et al., Trustees,* v. *Jones, Treas.* (1926), 115 Ohio St. 186, 152 N. E. 897. It is not necessary for us to reconsider the correctness of the distinction of certain prior decisions of this court, which was made by the *Conn* decision, because we do not believe that the *Conn* decision has any bearing whatever on any question presented by the instant case.

The *Conn case* involved an effort by a taxpayer to have its real and personal property exempted from taxation. At that time, the assessment for taxation of all real estate and of all personal property was by the County Auditor. Thus, the only action attacked there was such an assessment (115 Ohio St., at 190). Under the present law, the assessment of intangible personal property, such as shares of stock, is administered by the Tax Commissioner. Chapter 5711, Revised Code. Under the statutes involved when the *Conn case* was decided, the Tax Commission (which was referred to in place of the Department of Taxation in the form of the statute that is now Section 5703.38, Revised Code) could get involved in a question as to "the liability of any property to taxation * * * or its exemption therefrom" only on the filing of a complaint pursuant to Section 5616, General Code (115 Ohio St., at 188). No one had filed any such complaint. The holding of this court was that no statute indicated that the existence of the right to file such a complaint should affect the right to "enjoin" an "illegal levy or collection of taxes" that was provided for in what is now Section 2723.01, Revised Code.

At that time, no "order, determination, or direction of the" Tax Commission could have been affected by any injunction against the levy or collection of the taxes there involved because no complaint that might lead to such an order, determination or direction of the Tax Commission had been filed. In fact, the

party who might have filed such complaint had elected not to do so. Neither the majority nor dissenting opinion refers to what is now Section 5703.38, Revised Code, because the statute was wholly irrelevant to any question presented by the case.

Because of that statute, the judgment of the Court of Appeals is reversed and judgment is rendered for the Tax Commissioner, dismissing the petition.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, JONES and BROWN, JJ., concur.

JONES, J., of the Seventh Appellate District, sitting for SCHNEIDER, J.