HAKIM, APPELLEE, *v.* KOSYDAR, TAX COMMR., APPELLANT.

[Cite as Hakim v. Kosydar (1977), 49 Ohio St. 2d 161.]

(No. 76-365—Decided February 16, 1977.)

*Mr. Robert Houston French* and *Mr. Richard J. Valleau,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

HERBERT, J. R. C. 2723.01 reads:

"Courts of Common Pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."

R. C. 5703.38 states:

"No injunction shall issue suspending or staying any order, determination, or direction of the Department of Taxation, or any action of the Auditor of State, Treasurer of State, or Attorney General required by law to be taken in pursuance of any such order, determination, or direction. This section does not affect any right or defense in any action to collect any tax or penalty."

Statutorily prescribed procedures of the Tax Commis-

sioner are set forth in R. C. 5739.13. The commissioner is required to give the person against whom a sales tax is assessed a written notice of the assessment. Unless the vendor or consumer (or corporate officer assessed under R. C. 5739.-33) to whom the notice of assessment is directed files a written petition setting forth the items of the assessment objected to, within 30 days after service thereof, the assessment becomes conclusive and must be paid to the Treasurer of State. If no petition for reassessment is filed and the assessment remains unpaid, a certified copy of the entry of the commissioner making the assessment final may be filed in the office of the clerk of the Common Pleas Court of the county in which the place of business is located, or the county in which the person assessed resides.

The clerk of the Common Pleas Court must enter a judgment for the state against the assessee, in the amount shown on the entry, immediately upon its filing. The assessment (which includes taxes and penalty) has the same effect as other judgments from the date of the filing of the entry in the office of the clerk. Further, R. C. 2329.02 directs that any judgment or decree rendered by any court of general jurisdiction within this state constitutes a lien upon lands and tenements of each judgment debtor within any county of the state.

*Torbet* v. *Kilgore* (1966), 6 Ohio St. 2d 42, 215 N. E. 2d 579, contains an extended discussion of R. C. 5703.38 by this court. In *Torbet,* it was held that a judgment which enjoined the Tax Commissioner from collecting any personal property tax or penalty (for a particular year) on certain shares of stock was prohibited by R. C. 5703.38. The court held additionally that a judgment enjoining a county auditor or county treasurer from the collection of a personal property tax or penalty (for a particular year) on certain shares of stock might have the effect of suspending or staying an order, determination, or direction of the Department of Taxation and that, in the degree that the judgment produced such an outcome, it would be barred by R. C. 5703.38. The court expressly recognized in *Torbet* that the specific provisions against an injunction

in R. C. 5703.38 limit the general authority of a Common Pleas Court, provided for in R. C. 2723.01, to enjoin an illegal levy or collection of taxes and assessments.

In the instant case, appellee does not specifically request permanent injunctive relief;[*] rather, she seeks a vacation of the judgment procedurally following a sales tax assessment which has become final, and removal of the lien attaching by virtue of R. C. 2329.02. Is R. C. 5703.38 broad enough to encompass such an action? We conclude that it is.

Appellee relies upon the case of *Smith* v. *Dept. of Taxation* (1975), 46 Ohio App. 2d 132, 346 N. E. 2d 349. The plaintiff therein alleged that the Tax Commissioner had made certain tax assessments against the plaintiff, but that the latter never was personally notified of such assessments, that a judgment had been entered thereon and that collection was being attempted. Plaintiff prayed for a restraint of collection, a vacation of judgments and a cancellation of liens. The Tax Commissioner moved for a dismissal on the ground that the complaint failed to state a claim upon which relief could be granted, citing R. C. 5703.38. In holding for the plaintiff, the Court of Appeals declared that if there had been no notice of the tax assessment as statutorily required, the assessment levy itself was illegal and jurisdictionally could be enjoined.

We do not find the logic underlying *Smith* persuasive in view of the unambiguous language embodied in the first portion of R. C. 5703.38: "*No* injunction shall issue suspending or staying *any* order, determination, or direction of the Department of Taxation * * *." (Emphasis added.) It is axiomatic that an unambiguous statute means what it says. *Chope* v. *Collins* (1976), 48 Ohio St. 2d 297, 300, fn. 2, 358 N. E. 2d 573.

It has not been demonstrated how, once deprived of his judgment, appellant could institute a proceeding to collect the tax from appellee. Although no "injunction" lit-

[*]We note, however, that appellee did seek an order restraining appellant from enforcing his judgment during the pendency of the action.

erally has been issued, if the Tax Commissioner is precluded by Court of Common Pleas action from moving to collect a tax, his assessment is effectively suspended. Hence, vacation of the judgment for the Tax Commissioner against appellee has an effect equal to that of an injunction and is barred by R. C. 5703.38.

Consistent with the decision in *Torbet, supra,* it is our conclusion that R. C. 5703.38 prohibits a Court of Common Pleas from entering an order which has the effect of suspending or staying an order, determination, or direction of the Department of Taxation,[2] and that the entry of judgment for appellee by the court below was error.

Attributing this effect to R. C. 5703.38 will not result in an absolute denial to courts of the right to determine the legality of a tax. This court already has pointed out that provisions remain, under R. C. 5717.02 *et seq.,* for appeals from any final determinations of the Tax Commissioner to the Board of Tax Appeals and from the decisions of the board directly to this court. *Torbet, supra,* at pages 46-47.

As to the case at bar, appellant has asserted that appellee still can pay the assessment, seek a certificate of abatement pursuant to R. C. 5703.05(B) and raise her due-process argument in connection therewith. It should also be noted that appellee can await the institution of collection proceedings by the Tax Commissioner and therein raise as a defense her claim of insufficient service of the assessment. As heretofore set out, the latter portion of R. C. 5703.38 provides that the "section does not affect any right or defense in any action to collect any tax or penalty."

In view of all the foregoing, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

[2] Because we hold that R. C. 2723.01 did not give the trial court jurisdiction to consider the merits of appellee's complaint, we do not reach her argument relating to due process.