OHIO DEPARTMENT OF TAXATION, Appellee,

v.

PLICKERT et al., Appellants.

[Cite as *Ohio Dept. of Taxation v. Plickert* (1998), 128 Ohio App.3d 445.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 97–L–075.

Decided June 22, 1998.

*Paul F. McParland,* for appellee.

*Glenn E. Forbes,* for appellants.

---

NADER, Judge.

Defendant-appellant, Thomas H. Plickert, appeals a decree of foreclosure issued by the Lake County Court of Common Pleas.

Plaintiff-appellee, the state of Ohio, Department of Taxation, assessed a total of $168,689.78 against Plickert for allegedly delinquent sales taxes. The parties dispute whether Plickert received proper notice of the assessments. Once the period of objections expired and the assessments became binding, the state filed the assessments with the clerk of the common pleas court, who rendered two judgments against Plickert in that aggregate amount. The state then recorded these judgments as liens on all of Plickert's real property and filed this action to foreclose on his residence. In his answer, Plickert raised the lack of proper notice as an affirmative defense. The trial court granted the state's motion for partial summary judgment on that affirmative defense, holding that R.C. 5703.38 barred it. The court issued a foreclosure decree, which was journalized on March 27, 1997, and the state filed a praecipe for an order to the sheriff to sell the property. Plickert appealed while the sale was being advertised.

■ Prior to scheduling this appeal, we contacted counsel questioning whether this court has jurisdiction in light of Plickert's statutory right to redeem the property under R.C. 2329.33 at any time before confirmation of sale. We conclude that a debtor's ability to avail himself of this remedy does not prevent this from being a final appealable order.

It has generally been the law of Ohio that debtors may immediately appeal an order of foreclosure. *Third Natl. Bank of Circleville v. Speakman* (1985), 18 Ohio St.3d 119, 18 OBR 150, 480 N.E.2d 411; *Oberlin Sav. Bank v. Fairchild*

(1963), 175 Ohio St. 311, 25 O.O.2d 181, 194 N.E.2d 580; *Queen City S. & L. Co. v. Foley* (1960), 170 Ohio St. 383, 11 O.O.2d 116, 165 N.E.2d 633; *Shumay v. Lake Chateau, Inc.* (Apr. 22, 1981), Medina App. Nos. 1013 and 1034, unreported, 1981 WL 3947; *Durnbaugh v. Sutton* (Nov. 7, 1991), Greene App. Nos. 91 CA 14, 90 CA 141, unreported, 1991 WL 249529 (dictum).

The cases are almost devoid of legal analysis, but draw considerable support from common sense. A mistake in the foreclosure decree is more efficiently rectified by an immediate appeal. It would save the debtor a considerable amount of worry if the appeal is immediate, rather than making him wait until there is judgment confirming the sale of his property to some other person. It would save the purchaser from the uncertainty of an appeal from the judgment confirming his bid on the foreclosed property, during which time his downpayment on the purchase price is held in escrow. It would prevent the sheriff from wasting his resources on unnecessary sale proceedings. And it would save the court from wasting its time and energy minding the matter and reviewing and approving the final sale.

R.C. 2505.02 defines a final appealable order as, *inter alia*, one that determines the action and prevents a favorable judgment for the aggrieved party. The foreclosure decree determines the foreclosure action, and generally terminates the debtor's common-law right of equitable redemption. *Wayne S. & L. Co. v. Young* (1976), 49 Ohio App.2d 35, 3 O.O.3d 107, 358 N.E.2d 1380.

Because the decree is not self-executing, the creditor must file a praecipe with the clerk of courts for an order directing the sheriff to sell the property. Thus, the second phase of the proceedings can be understood as a separate action to enforce the decree. The debtor's statutory right of redemption may prevent the enforcement proceeding from reaching culmination, but this does not affect the finality of the underlying foreclosure decree.

For these reasons, we affirm the traditional view in Ohio that foreclosure decrees are appealable.

Turning now to the merits of the appeal, Plickert assigns the following error to the court:

"The trial court erred in granting summary judgment to the plaintiff-appellee."

█ Any vendor who fails to collect or remit sales taxes can be held personally liable. R.C. 5739.13(A). The Tax Commissioner may assess these taxes against the vendor. *Id.* The statute provides that "[t]he commissioner *shall* give the party assessed written notice of the assessment by personal service or certified mail." (Emphasis added.) *Id.* If the commissioner fails to give the required notice, he is without power to proceed, and any further action against the

taxpayer is without jurisdiction. *Smith v. Ohio Dept. of Taxation* (1975), 46 Ohio App.2d 132, 135, 75 O.O.2d 113, 114–115, 346 N.E.2d 349, 350–351.

The taxpayer has thirty days from the date notice was served to object to an assessment, and if he does not do so, "the assessment shall become conclusive and the amount of the assessment shall be due and payable from the party assessed to the treasurer of the state." R.C. 5739.13(B).

After the assessment becomes conclusive, a certified copy of the commissioner's entry making the assessment final may be filed with the clerk of the court of common pleas in the county where the taxpayer's place of business is located. R.C. 5739.13(C). Immediately upon the filing of the entry, the clerk must enter judgment for the state and against the assessed party in the amount of the final assessment. *Id.* This judgment has the same effect as any other judgment obtained by law. *Hakim v. Kosydar* (1977), 49 Ohio St.2d 161, 163, 3 O.O.3d 211, 212, 359 N.E.2d 1371, 1372–1373. Therefore, the assessment judgment constitutes a lien upon the lands and tenements of the debtor within any county of the state under R.C. 2329.02. The tax lien may be filed in a separate book. R.C. 5739.13(C).

As any other judgment creditor, the state of Ohio may resort to the array of mechanisms to enforce its judgment, including attachment of personal property, R.C. 2715.01 *et seq.,* execution upon the goods and chattels of the debtor, R.C. 2329.09 *et seq.,* garnishment of wages, R.C. 2716.01 *et seq.,* garnishment of property (*i.e.,* bank accounts), R.C. 2716.11 *et seq.,* and foreclosure on realty, R.C. 2323.07.

■ Although R.C. 2723.01 provides the courts of common pleas with general authority to enjoin the illegal levy or collection of taxes, R.C. 5703.38 limits this authority in tax matters:

"No injunction shall issue suspending or staying any order, determination, or direction of the department of taxation, or any action of the treasurer of state or attorney general required by law to be taken in pursuance of any such order, determination, or direction. This section does not affect any right or defense in any action to collect any tax or penalty."

The first sentence of the statute expressly prohibits an injunction "suspending or staying" (1) any order, determination, or direction of the department of taxation, or (2) any action the law requires the Treasurer of the state or the Attorney General to take upon such an order, determination, or direction.

An assessment is a determination by the Department of Taxation that a taxpayer is delinquent. Actions to collect on judgments for those unpaid taxes are filed by the Attorney General. Therefore, R.C. 5703.38 limits the court's equitable power to issue an injunction under R.C. 2723.01 to suspend or stay the

*assessment* or the *collection proceedings.* *Torbet v. Kilgore* (1966), 6 Ohio St.2d 42, 35 O.O.2d 48, 215 N.E.2d 579, paragraph three of the syllabus.

The second sentence of R.C. 5703.38 preserves all defenses the taxpayer may have in an action by the Attorney General to collect upon the tax judgment. Where a party asserts an affirmative defense in a collection proceeding, he or she does not invoke the court's equitable power of injunction—he calls upon the court's general jurisdiction to render judgment in his favor. The statute does not prevent the court from considering any request for relief that involves the exercise of its general jurisdiction.

In *Hakim*, 49 Ohio St.2d 161, 3 O.O.3d 211, 359 N.E.2d 1371, the taxpayer claimed that she did not receive proper notice of the assessments. When the Tax Commissioner wrote to her that she owed $1,256.52 and that a collection action would be filed in the future if she did not pay this amount, the taxpayer immediately filed a complaint in the common pleas court seeking a preliminary injunction against future collection efforts, a cancellation of the lien on her realty, and vacation of the judgment against her. She argued that she had been denied due process of law because of insufficient service of the assessment.

Although the text of R.C. 5703.38 would not seem to prevent an action to cancel a tax lien or to vacate the tax judgment, as these are not determinations by the Department of Taxation or actions by the Attorney General upon such a determination, the Supreme Court nevertheless held that the statute was broad enough to encompass the taxpayer's complaint. The court reasoned that the Attorney General could not maintain an action to collect upon the judgment or to enforce the judicial lien if the judgment were vacated. In that sense, then, the taxpayer's action suspended the collection action. The court concluded: "[V]acation of the judgment for the Tax Commissioner against [the taxpayer] has an effect equal to that of an injunction and is barred by R.C. 5703.38." *Id.* at 165, 3 O.O.3d at 213, 359 N.E.2d at 1372.

The court's syllabus states:

"R.C. 5703.38 prohibits a Court of Common Pleas from entering an order which has the effect of suspending or staying an order, determination, or direction of the Department of Taxation. (*Torbet v. Kilgore*, 6 Ohio St.2d 42 [35 O.O.2d 48, 215 N.E.2d 579], approved and followed.)"

■ This case stands for the specific proposition that a court has no power to entertain a complaint to vacate a judgment rendered upon a tax assessment before collection proceedings are instituted, because judgment on that complaint would amount to an injunction against future collection proceedings in violation of R.C. 5703.38.[1]

---

1. The case where a taxpayer files a complaint or motion to vacate a judgment after collection proceedings have been halted by a valid affirmative defense would be distinguishable. Such a

However, the *Hakim* court was quick to note, in dictum, that the taxpayer had another method by which to raise the lack of due process in connection with the assessments:

"It also should be noted that [the taxpayer] can await the institution of collection proceedings by the Tax Commissioner and therein raise as a defense her claim of insufficient service of the assessment. As heretofore set out, the latter portion of R.C. 5703.38 provides that the 'section does not affect any right or defense in any action to collect any tax or penalty.'" 49 Ohio St.2d at 165, 3 O.O.3d at 213, 359 N.E.2d at 1374.

■ This dictum recognizes the trial court's general jurisdiction to enter judgment upon an affirmative defense raised in the collection proceeding, which was left undisturbed. If such a defense is raised, the state's attempt at collection is not stayed, but proceeds to final judgment, and if the defense is good, judgment will be entered for the taxpayer. While it is true that granting judgment for the debtor for defects in the service of process in this manner has the practical effect of precluding collection efforts, this is not accomplished by the court's equitable power of injunction. Therefore, neither R.C. 5703.38 nor *Hakim* prohibits a court from considering this defense in the context of an action to collect upon a judgment for delinquent tax.

A subsequent case confirms this interpretation. In *State v. Marysville Steel, Inc.* (1997), 119 Ohio App.3d 785, 696 N.E.2d 298, the commissioner assessed $35,325.05 in unpaid taxes against the steel company. Although the company attempted to pay this amount, its check, reportedly, was lost by the Department of Taxation. The state proceeded to file the assessment plus penalties and preassessment interest in the court of common pleas, and the clerk issued judgment for the state in the amount of $45,651.78. This was in October 1990.

When the steel company learned of the judgment, it contacted the department in an effort to resolve the matter. As a result of communications from the department, the steel company sent a second check for $35,325.05 to replace the one that was lost and paid the preassessment interest and the penalty on the interest. The company did not pay the penalty on the principal, which amounted to $5,298.76. After the partial payment, the state took no further action to collect upon the judgment, and the steel company presumed that the matter was concluded.

---

complaint or motion would not amount to the invocation of the court's equitable power of injunction because there would be no collection proceedings left to stay by that point, and R.C. 5703.38 would not prevent the court from considering the complaint or motion according to its general authority over the continued viability of its own judgments.

In November 1996, six years later, the state sought to enforce its 1990 judgment lien by garnishing the steel company's bank account to the extent of the unpaid penalty, pursuant to R.C. 2716.11 *et seq.*

As an affirmative defense to the action to collect upon the judgment, the steel company raised its payment by the lost check and argued that the judgment was therefore satisfied. The state argued that accepting the affirmative defense and entering judgment for the steel company in the garnishment action would have the effect of suspending or staying the collection proceedings, in violation of R.C. 5703.38 and *Hakim.*

The appellate court rejected the state's argument, holding that the court had the power to consider the affirmative defense of prior payment notwithstanding the statute or *Hakim. Marysville Steel,* 119 Ohio App.3d at 790–792, 696 N.E.2d at 301–302. We agree.

In light of the foregoing, Plickert was not precluded from raising the improper service of the assessment as an affirmative defense to the action to foreclose on his residence, pursuant to R.C. 2323.07. He should have been given the opportunity to prove his defense before the court issued the foreclosure decree.

Summary judgment for the state on Plickert's affirmative defense is reversed, and this cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and CHRISTLEY, J., concur.