OHIO DEPARTMENT OF TAXATION, Appellee,

v.

LOMAZ, Appellant.

[Cite as *Ohio Dept. of Taxation v. Lomaz* (2001), 146 Ohio App.3d 376.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2000–P–0106.

Decided Oct. 22, 2001.

*David E. Waddell* and *Rebecca D. Heimbaugh,* for appellee.

*Law Office of Charles L. Richards* and *Charles L. Richards,* for appellant.

CHRISTLEY, Judge.

This is an accelerated calendar appeal taken from a final judgment of the Portage County Court of Common Pleas. Appellant, Larry Lomaz, appeals the

trial court's judgment overruling his motion to vacate a judgment lien entered in favor of appellee, the Ohio Department of Taxation.

The following facts are relevant to this appeal. On December 2, 1997, appellee recorded a certificate of judgment lien in the Portage County Court of Common Pleas in the amount of $355,009.01. The judgment had been entered against appellant as a responsible corporate officer of Buckeye Fireworks & Novelty Co., Inc., under R.C. 5739.33 for delinquent sales taxes that had been assessed against the company.

In an effort to enforce its judgment, appellee filed a court order and notice of garnishment with the trial court that was purportedly served upon appellant and Firstar Bank ("Firstar"). On July 6, 2000, Firstar filed its answer and deposited a check with the clerk of courts for $2,706.71.

The next day, appellant, acting *pro se*, requested a garnishment hearing, which was set for July 31, 2000. However, before the trial court could conduct the hearing, appellant filed a motion to vacate only the judgment lien. As grounds for the motion, appellant argued, *inter alia*, that he had never received notice of the initial sales tax assessment.

On September 12, 2000, the trial court issued a judgment entry overruling appellant's motion to vacate. In doing so, the court concluded that it did not have jurisdiction to consider appellant's request because R.C. 5703.38 limited the general authority granted to courts of common pleas in R.C. 2723.01 concerning the collection of taxes and assessments. The court further concluded that appellant had provided no evidence showing that the money at issue was exempt from execution. As a result, the trial court released the money to appellee.

From this judgment, appellant filed a timely notice of appeal with this court. Under his sole assignment of error, appellant contends that the trial court erred in overruling his motion to vacate because a trial court has jurisdiction to consider the affirmative defenses raised in his motion during a collection proceeding. For the reasons that follow, we agree.

R.C. 2723.01 states:

"Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."

Although R.C. 2723.01 provides courts of common pleas with general authority to enjoin the illegal collection of taxes, R.C. 5703.38 provides:

"No injunction shall issue suspending or staying any order, determination, or direction of the department of taxation, or any action of the treasurer of state or

attorney general required by law to be taken in pursuance of any such order, determination, or direction. This section does not affect any right or defense in any action to collect any tax or penalty."

In construing these two provisions together, the Supreme Court of Ohio has held that "R.C. 5703.38 prohibits a Court of Common Pleas from entering an order which has the effect of suspending or staying an order, determination, or direction of the Department of Taxation." *Hakim v. Kosydar* (1977), 49 Ohio St.2d 161, 3 O.O.3d 211, 359 N.E.2d 1371, syllabus. See, also, *Torbet v. Kilgore* (1966), 6 Ohio St.2d 42, 35 O.O.2d 48, 215 N.E.2d 579, paragraph one of the syllabus (holding that "Section 5703.38, Revised Code, prohibits an injunction that will suspend or stay any order, determination or decision of the Tax Commissioner").

■ In *Hakim*, the taxpayer did not specifically request injunctive relief; rather, she asked the trial court to vacate a judgment lien that had followed a final sales tax assessment on the grounds of insufficient service of process. The Supreme Court rejected the taxpayer's argument, reasoning that although R.C. 5703.38 did not appear to prevent an action to vacate a tax judgment, if a court were to vacate such a judgment, the Attorney General could not maintain an action to collect upon the judgment or to enforce the judicial lien. *Hakim* at 164–165, 3 O.O.3d 211, 359 N.E.2d 1371. Stated differently, *Hakim* stands for the "proposition that a court has no power to entertain a complaint to vacate a judgment rendered upon a tax assessment before collection proceedings are instituted, because judgment on that complaint would amount to an injunction against future collection proceedings in violation of R.C. 5703.38." *Ohio Dept. of Taxation v. Plickert* (1998), 128 Ohio App.3d 445, 449, 715 N.E.2d 239.

The Supreme Court also observed that the effect of R.C. 5703.38 would not result in an absolute denial to courts of the right to determine the legality of a tax. *Hakim* at 165, 3 O.O.3d 211, 359 N.E.2d 1371. Instead, a taxpayer who disputes the final determination of a tax commissioner may appeal that decision to a Board of Tax Appeals, and from there directly to the Supreme Court. *Id.* Furthermore, a taxpayer may pay the assessment, seek a certificate of abatement, and raise any due process arguments at that time. *Id.* More important for this case, "It should also be noted that [the taxpayer] can await the institution of collection proceedings * * * and therein raise as a defense her claim of insufficient service of the assessment." *Hakim* at 165, 3 O.O.3d 211, 359 N.E.2d 1371.

In *Plickert,* we embraced the Supreme Court's holding and similarly concluded that R.C. 5703.38 prohibited a court of common pleas from entering any order that would amount to an injunction against *future* collection proceedings. *Plic-*

*kert* at 449, 715 N.E.2d 239. However, this court also relied upon the Supreme Court's cautionary language when we held the following:

"This dictum recognizes the trial court's general jurisdiction to enter judgment upon an affirmative defense raised in the collection proceeding, which was left undisturbed. If such a defense is raised, the state's attempt at collection is not stayed, but proceeds to final judgment, and if the defense is good, judgment will be entered for the taxpayer. While it is true that granting judgment for the debtor for defects in the service of process in this manner has the practical effect of precluding collection efforts, this is not accomplished by the court's equitable power of injunction. *Therefore, neither R.C. 5703.38 nor Hakim prohibits a court from considering this defense in the context of an action to collect upon a judgment for delinquent tax.*" (Emphasis added.) *Plickert* at 450, 715 N.E.2d 239. See, also, *State v. Marysville Steel, Inc.* (1997), 119 Ohio App.3d 785, 696 N.E.2d 298.

In light of the foregoing, we conclude that the trial court correctly overruled appellant's motion to vacate the judgment lien. Precedent from both the Supreme Court of Ohio and this court is very clear in holding that R.C. 5703.38 limits a court's power to enter an injunction or take similar action that would prevent the Attorney General from entertaining future collection proceedings.

 Having said that, unlike *Hakim*, the present case was an action to *collect* a tax and is, therefore, not affected by R.C. 5703.38. Here, the state has attempted to collect on a valid judgment lien by garnishing appellant's personal property through attaching his bank accounts with Firstar. As a result, while appellant could not attack the validity of the judgment lien itself and have it vacated, he was free to raise the claim that he had never received notice of the tax assessment as an affirmative defense to defend against the collection action. *Plickert, supra.*

From looking at the record before us, it clear that the trial court never considered this possibility and examined appellant's arguments only in light of his motion to vacate. However, given that this was a collection proceeding, the trial court should have given appellant the opportunity to provide evidence in support of his defense before granting appellee judgment.

Accordingly, because we conclude that the trial court was not prohibited under R.C. 5703.38 from considering appellant's arguments in relation to his defense against the collection action, appellant's assignment of error has merit to the extent indicated.

The judgment of the trial court is, therefore, affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.[1]

*Judgment accordingly.*

FORD, P.J., and GRENDELL, J., concur.

---

1. By reversing the trial court's decision in the case at bar, we are in no way passing judgment on the validity of appellant's position. Rather, because this is an action to collect unpaid taxes, the trial court must first consider appellant's allegations, along with the arguments in opposition submitted by appellee, and then determine whether appellant has a well-founded defense against collection.