OPINION
{¶ 1} Appellant, Mark D. Bej, appeals from the August 5, 2002 judgment entry of the Lake County Court of Common Pleas denying appellant's motion to stay execution and motion to vacate judgment and/or motion for relief from judgment.
 {¶ 2} On October 20, 2000, appellee obtained a default judgment against appellant in the amount of $4,615.75. On July 22, 2002, appellant filed a motion to stay execution and a motion to vacate judgment and/or motion for relief from judgment, pursuant to Civ.R. 60(B), which were denied on August 5, 2002.
 {¶ 3} The few specific facts emanating from the record indicate that on August 16, 1999, appellee sent a letter to appellant at P.O. Box 43753, Richmond Heights, Ohio, 44143, referencing an audit for the calendar year 1995. On May 5, 2000, appellee sent another letter to appellant at 25321 Pleasant Trail, Cleveland, Ohio, 44143, indicating a balance owed on the account. On May 10, 2000, appellant sent a letter to appellee, in reference to the May 5, 2000 letter, in which he used the foregoing P.O. Box as his return address, stressing that the proper procedure regarding this matter was not being followed. Also, according to appellant's July 22, 2002 affidavit, he lived continuously at the foregoing Pleasant Trail address in Cuyahoga County since June 15, 1997, and did not learn of the collection proceeding until April 12, 2002.
 {¶ 4} The trial court denied appellant's motion to stay execution and motion to vacate judgment and/or motion for relief from judgment on August 5, 2002. It is from that judgment that appellant filed a timely notice of appeal on August 30, 2002, and makes the following assignments of error:
 {¶ 5} "[1.] The [t]rial [c]ourt abused its discretion and erred to the detriment of [appellant] when it entered a judgment entry on August 5, 2002 summarily denying [appellant's] Motion to Vacate Judgment/Motion for Relief from Judgment and Motion to Stay Execution, as the [c]ourt failed to make any factual findings supporting its summary decision.
 {¶ 6} "[2.] The [t]rial [c]ourt erred to the detriment of [appellant] when it entered a judgment entry on August 5, 2002 summarily denying [appellant's] Motion to Vacate Judgment/Motion for Relief from Judgment and Motion to Stay Execution, as [appellee] had neither responded nor objected to the motions.
 {¶ 7} "[3.] The [t]rial [c]ourt erred to the detriment of [appellant] when it entered a judgment entry on August 5, 2002 summarily denying [appellant's] Motion to Vacate Judgment/Motion for Relief from Judgment and Motion to Stay Execution, where [appellant] filed an [a]ffidavit with his [m]otions containing allegations of operative facts which would have warranted relief, thereby denying [appellant] the right to have this case reviewed on the merits.
 {¶ 8} "[4.] The [t]rial [c]ourt erred to the detriment of [appellant] when it entered a judgment entry on August 5, 2002 summarily denying [appellant's] Motion to Vacate Judgment/Motion for Relief from Judgment and Motion to Stay Execution, as the [t]rial [c]ourt lacked personal jurisdiction over [appellant], and the original judgment is voidab initio." (Emphasis sic.)
 {¶ 9} Because appellant's first and third assignments of error are interrelated, they will be addressed in a consolidated fashion. Appellant argues that the trial court erred in denying his motion to vacate judgment and/or motion for relief from judgment and motion to stay execution because it failed to make any factual findings supporting its decision, thereby constituting an abuse of discretion, even though appellant filed an affidavit with his motions, which contained allegations of operative facts.
 {¶ 10} The term "abuse of discretion" was defined by the Supreme Court of Ohio in State v. Adams (1980), 62 Ohio St.2d 151, 157, which "`* * * connotes more than an error at law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Tawneyv. Tawney (Dec. 30, 1983), 11th Dist. No. 1334, 1983 Ohio App. LEXIS 12535, at 2. "`Where grounds for relief from judgment appear on the face of the record, a court abuses its discretion and may not overrule the motion unless it first makes a factual determination of the alleged grounds for relief adverse to the movant.'" Santill v. Gen. Elec. Co.
(Feb. 23, 1990), 11th Dist. Nos. 88-A-1388 and 89-A-1432, 1990 Ohio App. LEXIS 680, at 9, quoting U.A.P. Columbus JV 326132 v. Plum (1986),27 Ohio App.3d 293, paragraph one of the syllabus. Pursuant to Civ.R. 60(B), an appellate court may reverse the order of a trial court only for an abuse of discretion on the part of the trial court. Morgan v. Bateson
(May 17, 1996), 2d Dist. No. 15164, 1996 Ohio App. LEXIS 2256, at 5.
 {¶ 11} In the case at bar, appellant specifically contends that the existence of a valid defense alone is grounds for relief when a judgment has been taken without prior notice. Appellant argues that his affidavit contained allegations of operative fact which would have warranted relief from judgment under Civ.R. 60(B), thereby requiring the granting of a hearing. Also, appellant asserts that there was abundant evidence in the record which indicated that he was never served with notice of the complaint due to the fact that he did not reside or receive mail at the address where the service of summons and complaint were sent.
 {¶ 12} R.C. 5703.38 states that "[n]o injunction shall issue suspending or staying any order, determination, or direction of the department of taxation, or any action of the treasurer of state or attorney general required by law to be taken in pursuance of any such order, determination, or direction. This section does not affect any right or defense in any action to collect any tax or penalty."
 {¶ 13} In Hakim v. Kosydar (1977), 49 Ohio St.2d 161, syllabus, the Supreme Court of Ohio held that R.C. 5703.38 prohibits a common pleas court from entering an order which has the effect of suspending or staying an order, determination, or direction of the department of taxation. In the instant matter, appellant is attacking the validity of the judgment lien itself. As such, appellant has the opportunity to pay the assessment, seek a certificate of abatement under R.C. 5703.05(B), and raise a due process argument in connection therewith. Id. at 165. See, also, Ohio Dept. of Taxation v. Lomaz (2001), 146 Ohio App.3d 376,378. "It should also be noted that [appellant] can await the institution of collection proceedings * * * and therein raise as a defense [his] claim of insufficient service of the assessment." Hakim at 165. However, appellant cannot require that the judgment be stayed or vacated due to R.C. 5703.38. Id. Thus, the trial court had no authority to stay or vacate the judgment herein, and, as such, a factual finding is not relevant with respect to appellant's motions before the trial court. Therefore, appellant's first and third assignments of error are without merit.
 {¶ 14} In his second assignment of error, appellant argues that the trial court erred by denying his motion to vacate and motion to stay execution because appellee had neither responded nor objected to the motions.
 {¶ 15} With respect to filing briefs in opposition, Loc.R. 3(D)(3) of the Lake County Court of Common Pleas states in pertinent part that "[e]ach party opposing the Motion shall serve and file, within fourteen (14) days or advanced rule day if applicable, a brief written statement of reasons in opposition to the Motion which includes proper citations of the authorities on which counsel relies. * * *" Also, Civ.R. 6(E) stresses that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period. * * *" According to Civ.R. 6(A), "[i]n computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. * * *" Thus, pursuant to the foregoing rules, appellee had a minimum of fourteen days and a maximum of seventeen days, not including the date of the event, to respond to appellant's motions.
 {¶ 16} In the case sub judice, appellant filed his motions and affidavit on July 22, 2002, which were served by U.S. mail on appellee. On August 5, 2002, the trial court denied appellant's motions. The record indicates that there was a lapse of fourteen days between the filing of appellant's motions and the trial court's judgment entry. Pursuant to Loc.R. 3(D)(3) and Civ.R. 6(A) and (E), appellee had until August 6, 2002, at the earliest, or August 9, 2002, at the latest, in which to respond to appellant's motions. Therefore, the time for appellee's response had not expired when the trial court made its ruling on August 5, 2002. Furthermore, there is no mandate that appellee is required to respond to appellant's motions. Thus, appellant's second assignment of error is without merit.
 {¶ 17} In his fourth assignment of error, appellant argues that the trial court erred by denying his motion to vacate and motion to stay execution because the trial court lacked personal jurisdiction over him. Appellant specifically contends that the original judgment is void ab initio due to the fact that service of process was never properly completed, and he was not at the time a resident of Lake County.
 {¶ 18} A trial court has jurisdiction to consider affirmative defenses raised in a motion during a collection proceeding. Lomaz, supra, at 377. "`* * * If such a defense is raised, the state's attempt at collection is not stayed, but proceeds to final judgment, and if the defense is good, judgment will be entered for the taxpayer. While it is true that granting judgment for the debtor for defects in the service of process in this manner has the practical effect of precluding collection efforts, this is not accomplished by the court's equitable power of injunction. Therefore, neither R.C. 5703.38 nor Hakim prohibits a courtfrom considering this defense in the context of an action to collect upona judgment for delinquent tax.'" (Emphasis sic.) Id. at 379, quoting OhioDept. of Taxation v. Plickert (1998), 128 Ohio App.3d 445, 450.
 {¶ 19} In the instant matter, according to R.C. 5703.38, appellant cannot vacate a judgment of the department of taxation due to failure of service. Appellant has incorrectly attempted to attack the validity of the judgment lien itself, rather than utilize lack of notice as a defense to the collection action. Thus, appellant's fourth assignment of error is without merit.
 {¶ 20} For the foregoing reasons, appellant's assignments of error are not well taken. The judgment of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.