DECISION JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court granted summary judgment to appellee, the Ohio Commissioner of Taxation ("Tax Commissioner"), and dismissed a complaint in mandamus filed by appellant, Peter Kaiser.
 {¶ 2} On appeal, appellant sets forth the following assignment of error:
 {¶ 3} "The trial court erred as a matter of law in dismissing the appellant's case on the basis that it did not have subject matter jurisdiction over the appellant's action when the appellant alleged improper service of the assessment as a defense to it."
 {¶ 4} On June 18, 2002, appellant filed a petition for mandamus in the Lucas County Court of Common Pleas, in which he alleged that he did not receive proper notice before a judgment was issued against him by the Tax Commissioner for non-payment of state income tax in 1987. Accordingly, appellant asked the trial court to order appellee to show cause why the judgment should not be "amended, annulled or shown as satisfied."
 {¶ 5} On July 10, 2002, an answer was filed. On January 21, 2003, appellant filed a motion in which he asked the trial court to "vacate" the judgment due to lack of proper service. That same day, the Tax Commissioner filed a motion for summary judgment and memorandum in support thereof, in which he asserted that appellant had received notice and an opportunity to appeal the tax assessment on two separate occasions.
 {¶ 6} On January 31, 2002, appellant filed a response in opposition to summary judgment, in which he again asserted that he never received proper notice of the tax assessment. In addition, appellant asserted as a defense that the Tax Commissioner's failure to give notice of the amount of the tax assessment violated his civil rights, pursuant to 42 U.S.C. § 1983.
 {¶ 7} On March 6, 2003, the trial court filed a judgment entry in which it found that it did not have jurisdiction over the matter, because appellant's mandamus action and motion to vacate the judgment amounted to a request for an injunction, which is prohibited by R.C. 5703.38. Accordingly, the trial court granted the Tax Commissioner's motion for summary judgment and dismissed appellant's mandamus action. A timely notice of appeal was filed.
 {¶ 8} On appeal, appellant asserts that the trial court erred by granting summary judgment to appellee as a matter of law. Appellant relies on Ohio Dept. of Taxation v. Lomaz (2001), 146 Ohio App.3d 376, in support of his argument that the last sentence of R.C. 5703.38 grants the trial court jurisdiction to consider his defense of improper notice. Appellant further argues that the trial court erred by not considering his "Title 42 U.S.C. § 1983 defense."
 {¶ 9} In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 10} R.C. 5703.38 states:
 {¶ 11} "No injunction shall issue suspending or staying any order, determination, or direction of the department of taxation, or any action of the treasurer of state or attorney general required by law to be taken in pursuance of any such order, determination, or direction. This section does not affect any right or defense in any action to collect a tax or penalty."
 {¶ 12} In Hakim v. Kosydar (1977), 49 Ohio St.2d 161, the Ohio Supreme Court held that "R.C. 5703.38 prohibits a Court of Common Pleas from entering an order which has the effect of suspending or staying an order, determination, or direction of the Department Taxation * * *." Id. At 165. In that case, the appellant/taxpayer sought to have a tax judgment voided by the trial court on grounds of insufficient service of process. In finding that the lower court did not have jurisdiction to entertain such an action, the Supreme Court reasoned that, if a tax commissioner is precluded by a court of common pleas from collecting a tax, the effect thereof is to suspend the assessment; therefore, any action vacating a judgment in favor of the Tax Commissioner "has an effect equal to that of an injunction and is barred by R.D. 5703.38." Id.
 {¶ 13} In contrast, in Lomaz, the appellant successfully asserted the defense of improper notice in response to a garnishment action. However, the Lomaz court distinguished the facts presented in that case from those of Hakim, supra, as follows:
 {¶ 14} "[U]nlike Hakim, the present case was an action to collect
a tax and is, therefore, not affected by R.C. 5703.38. * * * [W]hile [Lomaz] could not attack the validity of the judgment lien itself and have it vacated, he was free to raise the claim that he had never received notice of the tax assessment as an affirmative defense to defend against the collection action." Lomaz, supra, 146 Ohio App.3d at 379. (Citation omitted.) (Emphasis original.)
 {¶ 15} In this case, it is undisputed that appellant seeks to have the tax judgment against him vacated, as did the taxpayer inHakim. Accordingly, appellant's reliance on Lomaz is misplaced.
 {¶ 16} Upon consideration of the foregoing, this court finds that the trial court did not err by finding that appellant's attempt to vacate or otherwise nullify the Tax Commissioner's judgment was the equivalent of a request for an injunction, which is prohibited by R.C. 5703.38. Accordingly, the trial court correctly determined that it did not have subject matter jurisdiction over appellant's action in mandamus as a matter of law.[1] In addition, the trial court did not err by not considering appellant's "Title 42 U.S.C. § 1983 defense" to an action over which the court did not have jurisdiction.
 {¶ 17} On consideration whereof, this court further finds that no genuine issue of material fact remains and, when construing the evidence most strongly in favor of the non-moving party, appellee, Ohio's Tax Commissioner, is entitled to summary judgment as a matter of law. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellant, Peter Kaiser.
 JUDGMENT AFFIRMED. Peter M. Handwork, P.J., Richard W. Knepper, J., Mark L. Pietrykowski,J., CONCUR.
[1] It is also well-settled in Ohio that a complaint for mandamus must be dismissed if, as in this case, the relator is actually trying to prevent, rather than compel, official action. State ex rel. DaytonNewspapers, Inc. v. Wagner (1988), 129 Ohio App.3d 271, 273.