OPINION
{¶ 1} Defendant-appellant, James W. Kroeger, appeals the judgment of the Lake County Court of Common Pleas, denying his Motion for Relief from Judgment. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On February 1, 2006, a judgment lien was filed in common pleas court by William W. Wilkins, Tax Commissioner for the Ohio Department of Taxation, *Page 2 
against Kroeger, in the amount of $136,711.24 for sales taxes. The judgment was entered against Kroeger as president of an Ohio corporation, Consulting and Management Services, Inc.[1] According to Kroeger, the corporation ceased business in October 1989, upon the conversion of a previously filed chapter 11 bankruptcy to a chapter 7 bankruptcy. According to the Department of Taxation, proofs of claims were filed by the Department with the bankruptcy court in order to recoup past due sales tax. Partial payment of the amount due was remitted to the Department and the tax commissioner issued a written notice of assessment to Kroeger for the remaining taxes due.
 {¶ 3} On May 22, 2006, the Department of Taxation filed a Motion, pursuant to R.C. 2333.09, for an examination of a judgment debtor. An affidavit, sworn by counsel for the Department and attached to the Motion, stated "that on 02 — 01-06 judgment was obtained in the sum of $221,165.77 plus costs; that said judgment is wholly unpaid; that there is now due and owing unpaid balance of $110,688.42 plus interest and costs." The trial court ordered Kroeger to appear for a debtor's examination on June 7, 2006. *Page 3 
 {¶ 4} On June 5, 2006, Kroeger filed a Motion to Stay Proceedings and a Motion for Relief from Judgment. As grounds for relief, Kroeger asserted the payment of $152,551.62 to the Department in connection with the Chapter 7 bankruptcy, the statute of limitations, and the doctrine of laches. Kroeger sought to have the February 1, 2006 judgment set aside; the Department ordered to account to the court and to Kroeger the application of all payments made on the tax account; and, if any tax liability remain, the recalculation of interest and penalties.
 {¶ 5} The Department of Taxation opposed Kroeger's motion on the grounds that the court of common pleas does not have jurisdiction to vacate a judgment based on a tax assessment.
 {¶ 6} On July 14, 2006, the trial court denied both of Kroeger's motions. The court held that, pursuant to R.C. 5703.38 and Hakim v.Kosydar (1977), 49 Ohio St.2d 161, a court of common pleas is "prohibited from entering an order that ha[s] the effect of vacating, suspending or staying a determination of the Department of Taxation." Kroeger timely appeals the judgment, which has been stayed pending appeal.
 {¶ 7} Kroeger raises the following assignment of error: "The Trial Court erred in denying the Defendant-Appellant's Motion for Relief from Judgment."
 {¶ 8} "[A] motion to vacate a judgment pursuant to Rule 60(B) is addressed to the sound discretion of the trial court." Doddridge v.Fitzpatrick (1978), 53 Ohio St.2d 9, 12. The issue in the present case, however, concerns the authority or jurisdiction of the trial court to grant the relief requested by the Rule 60(B) motion. Therefore, we *Page 4 
review the trial court's decision on this issue de novo. Burns v.Daily (1996), 114 Ohio App.3d 693, 701 ("[t]he existence of the court's own subject-matter jurisdiction in a particular case poses a question of law which * * * [w]e review * * * de novo") (citations omitted).
 {¶ 9} Before considering Kroeger's arguments, we must briefly describe the nature of the Department of Taxation's action against Kroeger.
 {¶ 10} The Department of Taxation initiated the current proceedings pursuant to R.C. 5739.13, which grants the tax commissioner the authority to "make an assessment against any vendor who fails to file a return or remit the proper amount of [sales] tax required by this chapter[.] * * * The commissioner shall give the party assessed written notice of the assessment in the manner provided in section 5703.37 of the Revised Code. With the notice, the commissioner shall provide instructions on how to petition for reassessment and request a hearing on the petition." R.C. 5739.13(A).
 {¶ 11} "Unless the party assessed files with the commissioner within sixty days after service of the notice of assessment * * * a written petition for reassessment * * * the assessment becomes final and the amount of the assessment is due from the party assessed and payable to the treasurer of state and remitted to the tax commissioner." R.C.5739.13(B).
 {¶ 12} "After an assessment becomes final, if any portion of the assessment remains unpaid, including accrued interest, a certified copy of the commissioner's entry making the assessment final may be filed in the office of the clerk of the court of common pleas in the county in which the place of business of the party assessed is *Page 5 
located or the county in which the party assessed resides. * * * Immediately upon the filing of the entry, the clerk shall enter a judgment for the state against the party assessed in the amount shown on the entry. The judgment * * * shall have the same effect as other judgments. Execution shall issue upon the judgment upon the request of the tax commissioner, and all laws applicable to sales on execution shall apply to sales made under the judgment except as otherwise provided in this chapter." R.C. 5739.13.
 {¶ 13} In the present case, there is no evidence that Kroeger and/or Consulting and Management Services filed a petition for reassessment. Accordingly, the tax commissioner's assessment became final and was duly filed with the clerk of the court of common pleas.
 {¶ 14} The basis for the trial court's judgment entry is the following provision: "No injunction shall issue suspending or staying any order, determination, or direction of the department of taxation, or any action of the treasurer of state or attorney general required by law to be taken in pursuance of any such order, determination, or direction. The section does not affect any right or defense in any action to collect any tax or penalty." R.C. 5703.38. "An assessment is a determination by the department of taxation that a taxpayer is delinquent." Dept. ofTaxation v. Plickert (1998), 128 Ohio App.3d 445, 448.
 {¶ 15} In the leading case of Hakim v. Kosydar, 49 Ohio St.2d 161, the Department of Taxation obtained a judgment following a sales tax assessment against a corporate officer in the manner described in R.C.5739.13. The taxpayer filed suit against the Department claiming that she had been denied due process of *Page 6 
law because of insufficient service of process of the assessment and sought to have the judgment against her vacated and the lien filed thereon removed. Id. at 164. Citing R.C. 5703.38, the Supreme Court found that the trial court lacked jurisdiction. "R.C. 5703.38 prohibits a Court of Common Pleas from entering an order which has the effect of suspending or staying an order, determination, or direction of the Department of Taxation." Id. at syllabus, citing Torbet v. Kilgore
(1966), 6 Ohio St.2d 42, at paragraph one of the syllabus. The Supreme Court reasoned that "if the Tax Commissioner is precluded by Court of Common Pleas action from moving to collect a tax, his assessment is effectively suspended. Hence, vacation of the judgment for the Tax Commissioner against [the taxpayer] has an effect equal to that of an injunction and is barred by R.C. 5703.38." Id. at 165.
 {¶ 16} The court further explained that its holding would "not result in an absolute denial to courts of the right to determine the legality of a tax. * * * [Provisions remain, under R.C. 5717.02 et seq., for appeals from any final determinations of the Tax Commissioner and from the decisions of the board directly to this court." Id. Alternatively, the taxpayer could "pay the assessment, seek a certificate of abatement pursuant to R.C. 5703.05(B) and raise her due process argument in connection therewith." Id. (citation omitted). Furthermore, the court pointed out that a taxpayer could "await the institution of collection proceedings by the Tax Commissioner and therein raise as a defense her claim of insufficient service of the assessment. As heretofore set out, the latter portion of R.C. 5703.38 provides that the `section does not affect any right or defense in any action to collect any tax or penalty.'" Id. *Page 7 
 {¶ 17} Kroeger argues that Hakim does not apply to the present case "because the Supreme Court in Hakim seems to state that a taxpayer in a lien collection case still has the right to assert defenses because 5703.38, O.R.C., specifically gives the taxpayer the right to assert defenses in collection cases." Kroeger is correct that Hakim recognizes a taxpayer's rights to assert affirmative defenses in a collection action initiated by the Department of Taxation. However, that right does not allow the taxpayer to vacate a judgment lien rendered upon a tax assessment pursuant to R.C. 5739.13. Accordingly, the trial court's judgment is correct.
 {¶ 18} This issue has been considered several times by this court. InPlickert, this court considered the import of the Hakim decision and concluded that "[t]his case stands for the specific proposition that a court has no power to entertain a complaint to vacate a judgment rendered upon a tax assessment before collection proceedings are instituted, because judgment on that complaint would amount to an injunction against future collection proceedings in violation of R.C. 5703.38." 128 Ohio App.3d at 449.
 {¶ 19} In Plickert, the Department of Taxation, as in this case, duly recorded certain tax assessments as judgment liens after those assessments had become final. The Department then initiated an action to foreclose on the taxpayer's residence. In his answer to the foreclosure action, the taxpayer raised affirmative defenses, such as the issue of whether the taxpayer received proper notice of the assessments. Id. at 446. The trial court held the taxpayer was barred by R.C. 5703.38 from raising affirmative defenses to the action. Id. *Page 8 
 {¶ 20} This court reversed, noting that "neither R.C. 5703.38 norHakim * * * prohibits a court from considering [an affirmative] defense in the context of an action to collect upon a judgment for delinquent tax." Id. at 450. Unlike Kroeger, the taxpayer in Plickert did not attack the lien judgment itself, but, rather, raised his defense in response to the Department's foreclosure action. Accordingly, "Plickert was not precluded from raising the improper service of the assessment as an affirmative defense to the action to foreclosure on his residence." Id. at 451.
 {¶ 21} In Dept. of Taxation v. Lomaz, 146 Ohio App.3d 376,2001-Ohio-3935, this court was again faced with a situation in which the Department had recorded a judgment lien in common pleas court for delinquent sales tax. The Department subsequently filed a court order and notice of garnishment with the court attaching the taxpayer's bank account. The taxpayer responded by filing a motion to vacate the judgment lien on the grounds that he never received notice of the initial sales tax assessment. As in Plickert and the present case, the trial court concluded that it lacked jurisdiction under R.C. 5703.38 to grant the taxpayer relief.
 {¶ 22} This court affirmed, in part, and reversed, in part, the lower court's decision. The reasoning of this court in rendering that decision is instructive. We held that "the trial court correctly overruled appellant's motion to vacate the judgment lien. Precedent from both the Supreme Court of Ohio and this court is very clear in holding that R.C.5703.38 limits a court's power to enter an injunction or take similar action that would prevent the Attorney General from entertaining future collection proceedings. Having said that, unlike Hakim, * * * the state has attempted to collect on a valid judgment lien by garnishing appellant's personal property * * *. As a result, *Page 9 
while appellant could not attack the validity of the judgment lien itself and have it vacated, he was free to raise the claim that he had never received notice of the tax assessment as an affirmative defense to defend against the collection action." Id. at 379.
 {¶ 23} This court has most recently addressed this issue inDepartment of Taxation v. Bej, 11th Dist. No. 2002-L-129, 2003-Ohio-5213. In Bej, the department obtained a "default" judgment against the taxpayer and the taxpayer responded by filing a motion to stay execution and a motion to vacate judgment and/or motion for relief from judgment. Id. at ¶ 2. The trial court denied the motions and this court affirmed. We held "appellant cannot require that the judgment be stayed or vacated due to R.C. 5703.38." Id. at ¶ 13. "Appellant has incorrectly attempted to attack the validity of the judgment lien itself, rather than utilize lack of notice as a defense to the collection action." Id. at ¶ 19.
 {¶ 24} The following cases are also instructive and consistent with this court's decisions in Lomaz, Plickert, and Bej: State v. MarysvilleSteel, Inc. (1997), 119 Ohio App.3d 785 (taxpayer successfully raised the defense that it had already paid the assessment after the department had initiated garnishment proceedings); State ex rel. Kaiser v.Zaino, 6th Dist. No. L-03-1092, 2003-Ohio-5685 (taxpayer's mandamus action, filed to have a tax judgment declared "amended, annulled or shown as satisfied," was prohibited by R.C. 5703.38).
 {¶ 25} The holdings of these cases are consistent with one another and determinative of the present appeal. Kroeger cannot have the February 1, 2006 judgment lien vacated, as the trial court is prohibited, by R.C.5703.38, from taking *Page 10 
action that would have the effect of "suspending or staying any order, determination, or direction of the Department of Taxation." Kroeger is entitled to raise affirmative defenses to oppose action taken by the department to collect on that judgment. Cf. Lomaz,146 Ohio App.3d at 379 ("the trial court was not prohibited under R.C. 5703.38 from considering appellant's arguments in relation to his defense against the collection action"). Kroeger has attempted, however, to vacate the judgment lien and stay the department from proceeding with collection. The judgment of the trial court is correct.
 {¶ 26} Kroeger's sole assignment of error is without merit.
 {¶ 27} For the foregoing reasons, the decision of the Lake County Court of Common Pleas, denying Kroeger's Motion for Relief from Judgment, is affirmed.
CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J., concur.
[1] "If any corporation * * * required to file returns and to remit tax due to the state under this chapter [sales tax] * * * fails for any reason to make the filing or payment, any of its employees having control or supervision of or charged with the responsibility of filing returns and making payments, or any of its officers, members, managers, or trustees who are responsible for the execution of the corporation's * * * fiscal responsibilities, shall be personally liable for the failure. The dissolution, termination, or bankruptcy of a corporation * * * shall not discharge a responsible officer's, member's, manager's, employee's, or trustee's liability for a failure of the corporation * * * to file returns or remit tax due. The sum due for the liability may be collected by assessment in the manner provided in section5739.13 of the Revised Code." R.C. 5739.33.
Regarding the time for issuing assessments, "no assessment shall be made or issued against a vendor * * * for any [sales] tax imposed * * * more than four years after the return date for the period in which the sale or purchase was made, or more than four years after the return for such period is filed, whichever is later." R.C. 5739.16(A).
The Ohio Supreme Court has held that "R.C. 5739.16 does not time bar assessments against corporate officers under R.C. 5739.33." Bowshier v.Limbach (1990), 52 Ohio St.3d 140, 142; also, Rowland v. Collins (1976),48 Ohio St.2d 311, 313 ("[o]nce the assessment against the corporation becomes conclusive by the failure to present objections thereto the officer is bound by the oscitancy of his corporation"). *Page 1