JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Martin Novak appeals from the order of the trial court that denied his motion to vacate a default judgment. For the reasons set forth below, we affirm.
 {¶ 2} On December 19, 1999, defendant executed a promissory note to Foundation Funding Group, Inc., in the principal amount of $55,450 which was secured by a mortgage upon real estate located at 3130 West 97th Street in Cleveland.
 {¶ 3} The note and mortgage were subsequently assigned to Bank United. In October 2000, defendant defaulted upon the note.
 {¶ 4} On April 13, 2001, plaintiff Washington Mutual filed this action, seeking foreclosure upon the subject property. In relevant part, Washington Mutual alleged *Page 4 
that it was the successor in interest to Bank United. Defendant did not file an answer to the complaint and the matter was subsequently stayed through March 2004, due to defendant's bankruptcy proceedings.
 {¶ 5} On September 27, 2004, the magistrate entered a default judgment against defendant and ordered foreclosure upon the property. Defendant filed objections which were overruled, and on June 8, 2005, the trial court entered a judgment which adopted the magistrate's decision and entered a decree of foreclosure. Defendant appealed to this court on August 30, 2005, but the appeal was dismissed as untimely.
 {¶ 6} A sheriff's sale was scheduled for April 24, 2005. On April 17, 2006, defendant filed a Motion to Vacate Void Judgment in which he asserted that Washington Mutual was not the real party in interest. Defendant offered no evidence in support of his contention. The trial court denied defendant's motion to vacate and he now appeals, assigning the following error for our review:
 {¶ 7} "The trial court erred in denying the Defendant's Motion to Vacate Void judgment, sheriff's sale."
 {¶ 8} Civ.R. 60(B) governs motions for relief from judgment, and provides, in pertinent part:
 {¶ 9} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the *Page 5 
following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 10} Pursuant to Civ.R. 60(B), a movant must demonstrate three factors in order to obtain relief from judgment pursuant to Civ.R. 60(B): (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ.R. 60(B) (1 )-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 11} These requirements are independent of one another and in the conjunctive. Strack v. Pelton, 70 Ohio St.3d 172, 174, 1994-Ohio-107, *Page 6 
637 N.E.2d 914. Thus, if the movant fails to satisfy any one of these requirements, the trial court must deny the motion. Id.
 {¶ 12} The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is an abuse of discretion. State ex rel. Russo v. Deters (1997 ), 80 Ohio St.3d 152,153, 1997-Ohio-351, 684 N.E.2d 1237. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 13} Civ.R. 17(A) provides in part that "every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."
 {¶ 14} A "real party in interest" is "one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly benefitted or injured by the outcome of the case." Shealy v. Campbell (1985), 20 Ohio St.3d 23,24-25, 485 N.E.2d 701. *Page 7 
 {¶ 15} If a claim is asserted by one who is not the real party in interest, then the party lacks standing to prosecute the action, but the court is not deprived of subject matter jurisdiction. See State ex rel.Tubbs Jones v. Suster (1998), 84 Ohio St. 3d 70, 701 N.E.2d 1002, citingState ex rel. Smith v. Smith (1996), 75 Ohio St.3d 418, 420,662 N.E.2d 366, 369; State ex rel. LTV Steel Co. v. Gwin (1992), 64 Ohio St.3d 245,251, 594 N.E.2d 616, 621.
 {¶ 16} Because compliance with Civ.R. 17 is not necessary to invoke the jurisdiction of the court of common pleas, State ex rel. Tubbs Jonesv. Suster; First Union Natl. Bank v. Hufford (2001),146 Ohio App.3d 673, 767 N.E.2d 1206, the failure to name the real party in interest is an objection or defense to a claim which is waived if not timely asserted. Id. See, also, MacLellan v. Motorist Ins. Co. (Nov. 8, 1993), Cuyahoga App. No. 64090; Mikolay v. Transcon Builders, Inc. (Jan. 22, 1981), Cuyahoga App. No. 42047.
 {¶ 17} Applying the foregoing to this matter, we initially note that defendant offered no evidence to demonstrate that he was entitled to relief from judgment under the grounds set forth in Civ.R. 60(B)(1)-(5), as he simply claimed that Washington Mutual was not the real party in interest. Further, defendant did not raise this contention until five years after the complaint was filed. Accordingly, the objection that Washington Mutual was not the real party in interest was not timely raised as a matter of law and was waived. First Union Natl. Bank v.Hufford, supra. *Page 8 
We therefore do not accept defendant's claim that the default was "void" such that he is entitled to relief from judgment under Civ.R. 60(B).
 {¶ 18} Moreover, defendant did not raise this defense within a "reasonable time" as required by Civ.R. 60(B). In accordance with the foregoing, defendant did not meet the requirements for relief from judgment as set forth in Civ.R. 60(B), and the trial court did not abuse its discretion in denying the motion to vacate.
 {¶ 19} The assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, JUDGE
 ANTHONY O. CALABRESE, JR., J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1