OPINION
{¶ 1} Defendants-appellants Kera Davis and Rex Wood appeal from an order of the trial court dismissing their Civ. R. 60(B) motion for relief from judgment. The trial court dismissed the motion after finding that Davis and Wood failed to file their motion within a reasonable time or within one year of the foreclosure judgment. *Page 2 
The trial court also rejected their substantive arguments for setting the judgment aside.
 {¶ 2} Davis and Wood contend that they filed their motion for relief from judgment in a timely manner. They also contend that the trial court erred in failing to address the merits of their arguments regarding newly discovered evidence under Civ. R. 60(B)(2); fraud, misrepresentation, and mistake under Civ. R. 60(B)(1) and (3); and the applicability of the "catch-all" provision in Civ. R. 60(B)(5). Finally, Davis and Wood contend that the trial court erred in rejecting their claim that plaintiff-appellee Mid-State Trust IX (Mid-State) was not the real party in interest.
 {¶ 3} We conclude that the trial court did not err in refusing to grant Davis and Wood's motion for relief from judgment. Davis and Wood failed to file their motion within one year of the foreclosure judgment, and the catch-all provision in Civ. R. 60(B)(5) does not apply. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 4} This case began in August 2003, when Mid-State filed a foreclosure action against Davis and Wood. Previously, in June 1999, Davis and Wood had signed a promissory note in the amount of $277,236, made payable to Jim Walters Homes, Inc. (Walters). Davis and Wood also executed a mortgage deed in favor of Walters, to secure payment of the promissory note. The loan was obtained to finance construction of a new home. Through a series of assignments, Mid-State eventually became the assignee and holder of the note and mortgage in February 2002. *Page 3 
 {¶ 5} After Davis and Wood defaulted on their payments, Mid-State filed the present action in foreclosure. Davis and Wood retained counsel and filed an answer in September 2003, raising several affirmative defenses, including waiver, estoppel, and latches. In August 2004, Mid-State moved for summary judgment, attaching an affidavit of an officer, who stated, among other things, that Davis and Wood had defaulted on the loan, and that the balance due from August 5, 2003, was $118,812.52, together with an interest rate of 10% per annum. Davis and Wood filed a response in November 2004, disputing the actual amount owed and the status of the loan. But they did not file any affidavits, and the few documents attached to the response were not authenticated. In July 2005, the trial court filed an order granting summary judgment as to the default on the loan. The court set a hearing on the amount due under the note for July 29, 2005. The court also noted that Mid-State needed to provide copies of the assignments so that the chain of title for the note and mortgage could be validated.
 {¶ 6} On the day before the hearing, Davis and Wood filed a notice of substitution of counsel. Although the same law firm was listed as representing Davis and Wood, their prior counsel had left the firm and the case had been reassigned. Their new counsel indicated that he had not been able to reach his clients, nor had he been able to prepare for the hearing.
 {¶ 7} The trial court did not grant the motion for continuance, but held the hearing as scheduled. Subsequently, the court filed an entry on August 5, 2005, granting judgment against Davis and Wood in the amount that Mid-State had requested. In the entry, the court noted that each side had presented testimony at *Page 4 
the hearing and that exhibits had been admitted.[1] The court found that the loan was in default and that Davis and Wood had attempted to bring the loan current, but Mid-State chose to proceed with foreclosure. Therefore, the court instructed Mid-State to submit a proposed foreclosure decree. The court noted that it had explained the right of redemption to Davis and Wood and had also told them of their right to refinance and pay off the loan.
 {¶ 8} Mid-State subsequently filed several documents with the court, showing transfers of the notes and mortgages to various entities, until the appropriate assignments finally ended up in the hands of Mid-State. On April 3, 2006, the court filed a judgment entry ordering foreclosure. The court found that Davis and Wood were delinquent in their mortgage payments and owed $118,812 with interest of 10% per annum on or after August 5, 2003. Accordingly, the court granted judgment against Davis and Wood in the amount of $138,486.52 with 10% interest per annum on or after July 29, 2005. In addition, the court ordered the sheriff to appraise and advertise the property for sale if Davis and Wood failed to pay the judgment and costs within three days from the date of the entry. No appeal was taken from this judgment.
 {¶ 9} The property was appraised at $120,000, and a notice of sale was filed, setting a sheriffs sale for June 9, 2006. However, on June 1, 2006, Davis and Wood filed a Chapter 13 bankruptcy petition, which caused the sale to be cancelled. In late June, Mid-State asked the trial court to let it proceed with the sale, as the bankruptcy court had dismissed Davis and Wood's petition for failure to file documents. The trial *Page 5 
court granted Mid-State's request, and another sale was scheduled for August 18, 2006. Davis and Wood filed a second bankruptcy petition, which again caused cancellation of the sale. This bankruptcy petition was again dismissed because Davis and Wood failed to file required documents.
 {¶ 10} A third foreclosure sale was scheduled for November 24, 2006, but this sale was also cancelled due to the filing of a third bankruptcy petition. In January 2007, Mid-State notified the trial court that the third bankruptcy petition had been dismissed, based on Davis and Wood's failure to file documents. The trial court again allowed Mid-State to proceed, and a fourth sale was set for March 9, 2007. However, this sale was also cancelled due to the filing of Davis and Wood's fourth bankruptcy petition.
 {¶ 11} Finally, Mid-State notified the trial court in April 2007, that Davis and Wood's fourth bankruptcy petition had been dismissed with prejudice. The bankruptcy court held that this petition was the fourth bankruptcy petition filed by Davis and Wood in nine months, that they had failed to list their prior three petitions, and that they had filed the current bankruptcy petition in bad faith. The trial court then permitted a fifth sheriff's sale to be scheduled for June 8, 2007.
 {¶ 12} On June 5, 2007, new counsel entered an appearance for Davis and Wood and filed a motion for relief from judgment under Civ. R. 60(B). The motion claimed that Mid-State had violated state and federal law in originating the mortgage, had made errors in the original lending documents, had caused an erroneous default period, and had failed to allow Davis and Wood to bring their payments current. The motion was supported by Davis's affidavit, in which she outlined various alleged *Page 6 
irregularities in the loan documents and in Mid-State's rejection of payments Davis and Wood had tendered. Davis also indicated that she had retained current counsel in late May, 2007.
 {¶ 13} On June 5, 2007, Davis and Wood also asked the trial court to issue a stay of the scheduled sheriffs sale, in view of the pending motion for relief from judgment. The trial court declined to grant a stay and the sale took place as scheduled.
 {¶ 14} After the sale, the parties filed further memoranda addressing the motion for relief from judgment. Ultimately, the trial court overruled the motion in August 2007. The court concluded that the motion was untimely because Davis and Wood were actually seeking relief from the foreclosure order, which had been filed on April 3, 2006 — more than a year prior to the filing of the motion for relief from judgment. The trial court also rejected the claims on the merits and found that the alleged errors or omissions would have been discovered long before Mid-State filed the action in 2003.
 {¶ 15} Davis and Wood appeal from the order dismissing their motion for relief from judgment.[2]
 II {¶ 16} Davis and Wood's First Assignment of Error is as follows:
 {¶ 17} "THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS' RULE 60(B) MOTION WAS NOT TIMELY FILED." *Page 7 
 {¶ 18} Under this assignment of error, Davis and Wood contend that the trial court erred in concluding that they were attempting to seek relief from the foreclosure order filed on April 3, 2006. Davis and Wood claim that they were seeking relief from the Sheriffs Sale and Order of Sale issued on April 23, 2007, and that their motion was timely filed as to that order.
 {¶ 19} Civ. R. 60(B) allows trial courts to relieve parties or their legal representatives from a final judgment for the following reasons:
 {¶ 20} "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 21} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic *Page 8 Elec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 22} The requirements outlined above are "independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." Strack v. Pelton, 70 Ohio St.3d 172, 174,1994-Ohio-107, 637 N.E.2d 914. Motions for relief from judgment under Civ.R. 60(B) are addressed to a trial court's sound discretion, and the court's ruling "will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122,1123-24. Our review of the record in this case indicates that the trial court did not abuse its discretion, but was correct in concluding that Davis and Wood's motion raised matters relating to the foreclosure judgment and was therefore untimely.
 {¶ 23} We have previously stressed that an order granting foreclosure is a final appealable order. Federal Natl. Mtge. Assn. v. Day,158 Ohio App.3d 349, 353, 2004-Ohio-4514, 815 N.E.2d 730, at ¶ 14. See, also,Ohio Dept. of Taxation v. Plickert (1998), 128 Ohio App.3d 445,715 N.E.2d 239. Plickert noted that because a foreclosure decree is not self-executing:
 {¶ 24} "[T]he creditor must file a praecipe with the clerk of courts for an order directing the sheriff to sell the property. Thus, the second phase of the proceedings can be understood as a separate action to enforce the decree. The debtor's statutory right of redemption may prevent the enforcement proceeding from reaching culmination, but this does not affect the finality of the underlying foreclosure decree."128 Ohio App.3d at 446-447.
 {¶ 25} Challenges to the existence and extent of mortgage liens are made in *Page 9 
the foreclosure part of the action. In contrast, "confirmation involves only decisions on whether a sale has been conducted in accordance with R.C. 2329.01 through R.C. 2329.61. This includes issues like whether the public-notice requirements in R.C. 2329.26 were followed and whether the sale price was at least two-thirds of the land's appraised value, as required by R.C. 2320.20." Federal Natl. Mtge. Assn., 2004-Ohio-4514, at ¶ 14.
 {¶ 26} If a party is dissatisfied with the foreclosure ruling, the proper remedy is either an appeal or a motion for relief from the foreclosure judgment, if warranted. Id. at ¶ 15. Accord Italiano v.Commercial Fin. Corp., 148 Ohio App.3d 261, 269, 2002-Ohio-3040,772 N.E.2d 1215, at ¶ 39 (noting that an order of foreclosure is an "immediately appealable order similar to those orders or judgments which fix the rights and obligations of the parties, but leave for future determination the manner of execution of the judgment.") Likewise, a party may appeal from the confirmation of the sale.
 {¶ 27} In the present case, the objections listed in the motion for relief from judgment are to the validity and extent of the matters involved in the foreclosure judgment, not to the execution of the judgment. As a result, the trial court properly concluded that Davis and Wood were seeking relief from the order of foreclosure entered on April 3, 2006. Their motion for relief from judgment was therefore, untimely under Civ. R. 60(B)(1), (2), and (3) because it was not filed until June 5, 2007, which was more than a year later.
 {¶ 28} Davis and Wood's First Assignment of Error is overruled. *Page 10 
 III {¶ 29} Davis and Wood's Second Assignment of Error is as follows:
 {¶ 30} "THE TRIAL COURT ERRED IN FAILING TO ADDRESS THE MERITS OF APPELLANTS' RULE 60(B)(2) ARGUMENT THAT THERE WAS NEWLY DISCOVERED EVIDENCE REQUIRING THE SHERIFF'S SALE AND ORDER OF SALE TO BE SET ASIDE."
 {¶ 31} Under this assignment of error, Davis and Wood contend that the trial court erred in failing to address the merits of various alleged violations of state and federal lending laws. They contend that this evidence was "newly discovered evidence" under Civ. R. 60(B)(2) that "by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." We disagree.
 {¶ 32} As an initial point, we note that the trial court did not have to consider the merits of this argument, because the motion was not timely filed under Civ. R. 60(B)(2). Davis and Wood did include the catch-all provision in Civ. R. 60(B)(5) in the motion, and that part of Civ. R. 60(B) does not have a specific time limit. Instead, Civ. R. 60(B)(5) only requires that the motion be filed within a reasonable time. This fact does not assist Davis and Wood, however, because the Ohio Supreme Court has held that newly discovered evidence cannot be used to support motions for relief from judgment that are brought under Civ. R. 60(B)(5). State ex rel. Richard v. Cuyahoga Cty. Commrs.,89 Ohio St.3d 205, 206, 2000-Ohio-135, 729 N.E.2d 755.
 {¶ 33} As we mentioned earlier, timeliness is one of three requirements that must be met before a party may obtain relief under Civ. R. 60(B). Failure on any of the grounds is fatal. Strack,70 Ohio St.3d, at 174. Accordingly, since Davis and *Page 11 
Wood failed to satisfy the timeliness requirement, the trial court did not need to consider whether they had a meritorious defense or whether they were entitled to relief under one of the grounds in Civ. R. 60(B)(1) through (5). GTE Automatic Elec, Inc., 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 34} Furthermore, we agree with the trial court that the allegations on which the motion was based — alleged defects in loan documents, alleged lack of truth-in-lending disclosures, and so forth — would have been apparent to Davis and Wood long before they filed their motion for relief from judgment. The documents attached to their motion were in their possession from the time that they entered into the loan agreement in 1999. Consequently, Davis and Wood could have furnished their attorney with the relevant information when the action was filed against them in 2003. This was approximately four years before the motion for relief from judgment was filed. Therefore, the evidence was not "newly discovered" under any reasonable interpretation of that term.
 {¶ 35} Davis and Wood's Second Assignment of Error is overruled.
 IV {¶ 36} Davis and Wood's Third Assignment of Error is as follows:
 {¶ 37} "THE TRIAL COURT ERRED IN FAILING TO ADDRESS THE MERITS OF APPELLANTS' RULE 60(B)(3), AND ALTERNATIVE RULE 60(B)(1), ARGUMENTS THAT APPELLEE'S CONDUCT WAS THE RESULT OF FRAUD, MISREPRESENTATION, MISCONDUCT, MISTAKE, OR INADVERTENCE."
 {¶ 38} Under this assignment of error, Davis and Wood contend that Mid-State *Page 12 
misled them regarding the first payment due date on the loan, which allegedly caused the loan to be in default from its inception. According to Davis and Wood, Mid-State backdated loan documents, failed to provide a HUD-1 Settlement Statement, and failed to hold a closing. Davis and Wood further contend that even if these matters are considered the result of mistake rather than fraud, Mid-State's conduct still justifies relief from judgment. According to Davis and Wood, the trial court erred in failing to consider the merits of these arguments. Again, we disagree.
 {¶ 39} As we noted, motions must be brought under Civ. R. 60(B)(1) and (3), within, at most, a year of the judgment entry that a party challenges. Since the motion in this case was brought more than a year after the foreclosure order was filed, Davis and Wood failed to satisfy an essential requirement for setting the judgment aside.
 {¶ 40} Accordingly, Davis and Wood's Third Assignment of Error is overruled.
 V {¶ 41} Davis and Wood's Fourth Assignment of Error is as follows:
 {¶ 42} "ALTERNATIVELY, THE TRIAL COURT ERRED IN FAILING TO ADDRESS THE MERITS OF APPELLANTS' ALTERNATE RULE 60(B)(5) ARGUMENT, THAT APPELLEE'S VIOLATIONS OF LAW CONSTITUTED `ANY OTHER REASONS JUSTIFYING RELIEF FROM JUDGMENT.'"
 {¶ 43} As an alternative argument, Davis and Wood contend that the trial court should have considered their motion as one brought under Civ. R. 60(B)(5), which allows courts to set aside judgments for "any other reason justifying relief from *Page 13 
the judgment." In this regard, Davis and Wood argue that Mid-State's "flagrant violations" of law constitute such other reasons justifying relief from judgment. However, we disagree.
 {¶ 44} The Ohio Supreme Court has indicated that "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 448 N.E.2d 1365, 1365, paragraph one of the syllabus. This avenue of relief is also not to be used when it is too late to seek relief under other provisions in Civ. R. 60(B). Instead, "Civil Rule 60(B)(5) is only to be used in an extraordinary and unusual case when the interests of justice warrants it." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105, 316 N.E.2d 469.
 {¶ 45} The facts alleged in Davis and Wood's motion for relief from judgment do not present an unusual or extraordinary situation that would justify relief in the interests of justice. Their request for relief also falls under other more specific provisions in Civ. R. 60. Consequently, the trial court did not err in failing to address the merits of their alternate argument under Civ. R. 60(B)(5).
 {¶ 46} Davis and Wood's Fourth Assignment of Error is overruled.
 VI {¶ 47} Davis and Wood's Fifth Assignment of Error is as follows:
 {¶ 48} "THE TRIAL COURT ERRED IN HOLDING THAT APPELLANTS' AMENDED MOTION TO SET ASIDE THE SHERIFF'S SALE AND ORDER OF *Page 14 
SALE BASED UPON APPELLEE NOT BEING THE REAL PARTY IN INTEREST IS WITHOUT MERIT."
 {¶ 49} Under this assignment of error, Davis and Wood contend that the motion to set aside the judgment should have been sustained because Mid-State is not the current holder of the mortgage that was foreclosed. Davis and Wood contend that Mid-State therefore lacked standing to prosecute the action.
 {¶ 50} Davis and Wood did not initially raise this matter in their motion for relief from judgment. However, when they filed a reply memorandum in July 2007, they "amended" their motion to include a claim that Mid-State was not the real party in interest. This contention was based on allegations that Mid-State assigned the mortgage to Walters on March 4, 2002, and was not the holder of the mortgage when the complaint was filed. Davis and Wood claim that they were hindered in discovering this fact because Mid-State provided the trial court with inaccurate information about the chain of title. They further noted that they had only recently discovered the inaccuracy after checking the official records.
 {¶ 51} In responding to the motion, Mid-State pointed out that counsel for Davis and Wood had previously approved an entry in April 2006, certifying that the public records of Champaign County had been examined as to ownership of the property and to determine the identify of all parties interested in the property. The entry further indicated that all parties had been named. Mid-State, therefore, contended that Davis and Wood were estopped from denying that Mid-State had an interest in the action. Mid-State also attached an assignment from Walters to Mid-State of the rights in the mortgage and note. Mid-State noted that the original *Page 15 
unrecorded assignment from Walters to Mid-State had been lost, and stated that the assignment from Walters to Mid-State could be filed to clarify the public records.
 {¶ 52} The trial court overruled Davis and Wood's amended motion, finding that it was without merit. The trial court noted that failure to name a real party in interest is an objection or defense that is waived if not claimed. In addition, the trial court relied on Washington Mut.Bank v. Novak, Cuyahoga App. No. 88121, 2007-Ohio-996, which involved circumstances similar to the present case.
 {¶ 53} In Novak, a bank received a default judgment and order of foreclosure against a mortgagor who had defaulted on the mortgage. After the property was scheduled for sale, the mortgagor filed a motion for relief from judgment, claiming that the bank was not the real party in interest. Id. at ¶ 6. The trial court overruled the motion, and the court of appeals affirmed, for several reasons.
 {¶ 54} As an initial matter, the appellate court noted that the defendant had failed to offer any evidence demonstrating that the bank was not the real party in interest. The appellate court also held that the defendant had waived the issue and had not timely raised it because he failed to assert the matter for five years after the complaint was filed. Id. at ¶ 17. Finally, the appellate court concluded that the defense was not raised within a "reasonable time" under Civ. R. 60(B). Id. at ¶ 18.
 {¶ 55} Similar observations may be made in the present case. Although Davis and Wood did present evidence that Mid-State made an assignment to Walters in 2002, this was a matter that Davis and Wood and their counsel could have discovered by checking public records when the action was filed in August 2003. However, they failed to raise the defense in their answer and did not either *Page 16 
investigate or mention the issue for around four years. Finally, Davis and Wood's counsel approved an entry in April 2006, agreeing that all proper parties had been joined.
 {¶ 56} The issue of lack of standing "challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court." State ex rel. Jones v. Suster, 84 Ohio St.3d 70, 77,1998-Ohio-275, 701 N.E.2d 1002. Accordingly, the issue of standing or the "real-party-in-interest" defense is waived if not timely asserted.Novak, 2007-Ohio-996, at ¶ 17. Accord Chase Manhattan Mtge. Corp. v.Smith, Hamilton App. No. C-061069, 2007-Ohio-5874, at ¶ 26 (mortgagor waived standing issue by waiting for a year after the complaint was filed to assert the defense).
 {¶ 57} In the present case, Davis and Wood specifically agreed that proper parties had been joined and waited about four years after the complaint was filed to assert the defense. Davis and Wood cannot blame Mid-State for their own error or inaction. Consequently, we agree with the trial court that this matter was not raised in a timely fashion.
 {¶ 58} For the same reasons, the alleged lack of standing was not raised within a "reasonable time" under Civ. R. 60(B). Davis and Wood could have raised the issue under Civ. R. 60(B)(1) as inadvertence or excusable neglect of their original trial counsel. This would have required their motion to have been filed within one year of the foreclosure judgment. They could also have raised the matter under Civ. R. 60(B)(3) as fraud or misrepresentation of an adverse party. Again, this would have required Davis and Wood to file the motion for relief from judgment within one *Page 17 
year of the foreclosure judgment.[3] As we have already noted, Davis and Wood failed to file within appropriate time limits required for motions brought pursuant to Civ. R. 60(B)(1) and (3). Civ. R. 60(B)(5) also does not apply, since the issue would be covered by more specific provisions in Civ. R. 60. Even if we were to conclude that Civ. R. 60(B)(5) could apply, Davis and Wood failed to raise the standing issue within a reasonable time, since they waited four years. As we noted, public records were available for Davis and Wood to review during this time. Furthermore, their credibility is called into question when one considers their own conduct in filing several successive bankruptcy petitions to delay the sale.
 {¶ 59} Davis and Wood further contend that the trial court erred by failing to distinguish First Union Natl. Bank v. Hufford,146 Ohio App.3d 673, 2001-Ohio-2271, 767 N.E.2d 1206, which is a case they cited to the trial court. In Hufford, the Third District Court of Appeals reversed a summary judgment based on material issues of fact regarding whether the plaintiff, First Union Bank, was the holder of a promissory note on which a foreclosure action was based. We conclude thatHufford is distinguishable.
 {¶ 60} The first point of distinction is that the defendant inHufford asserted consistently from the beginning of the action and throughout the proceedings that insufficient documentation existed to indicate that First Union Bank was a proper successor-in-interest. 2001-Ohio-2271, at ¶ 3-4. A second point of distinction is that another corporation told the defendant's attorney that it had purchased the loan from *Page 18 
First Union Bank. The defendant moved to join the other corporation, but the trial court granted summary judgment to First Union Bank without even addressing the matter. Id. at ¶ 6-7. And finally, another point of distinction is that First Union Bank appears to have conceded the error, as it did not file an appellate brief. Id.
 {¶ 61} After reviewing the record, the Third District Court of Appeals concluded that the defendant had sufficiently raised the matter, and that the trial court should not have granted summary judgment before determining whether the additional corporation should have been added as a party. Id. at ¶ 12-23. Accordingly, the summary judgment for the bank was reversed.
 {¶ 62} In contrast, Davis and Wood in the present case did not assert the "real-party-in-interest" issue throughout the proceedings, nor did they raise the issue in a timely manner. Consequently, the trial court did not err by failing to apply Hufford.
 {¶ 63} Davis and Wood's Fifth Assignment of Error is overruled.
 VI {¶ 64} All of Davis and Wood's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and DONOVAN, JJ., concur.
[1] Davis and Wood have not filed a transcript of the hearing.
[2] The final order of distribution and confirmation of sale was filed in September 2007, and indicated that Mid-State brought the property at auction. That order is not part of this appeal.
[3] Our comments should not be taken to indicate that Mid-State acted fraudulently. The problem with the assignment of the mortgage appears to have been inadvertent, as the original assignment was lost and was not recorded. *Page 1